## PARTRIDGE *v.* RUBIN.

(*Common Pleas of New York City and County, General Term.* July 22, 1889.)

SALES—BONA FIDE PURCHASER.

Where one who had obtained goods by fraud sold them to defendant, who had no knowledge of the fraud, but who purchased the goods on credit, and paid nothing on account, defendant was not a purchaser for value, and the vendor could recover the goods from him.

Appeal from Second district court.

For statement of the case and decision on motion for reargument, see 5 N. Y. Supp. 957.

Argued before VAN HOESEN and ALLEN, JJ.

*George Wilcox,* for appellant.   *Goodhart, Phillips & Rosenburg,* for respondent.

PER CURIAM. This judgment is erroneous, and must be reversed. The justice of the district court, adopting the argument of the counsel for the defendant, held that as the defendant was not privy to the fraud practiced by Epstein upon the plaintiff, she must be considered a purchaser in good faith, and as such entitled to hold the property. Whatever her good faith may have been, she was not a purchaser for value, for she parted with nothing when she obtained the goods. It is preposterous to argue that the charge made against her in the books of Epstein is the giving of a thing of value by the defendant. If the demand against her that Epstein held has been assigned to a third party, that would not make her a purchaser for value. The law upon this subject is too well settled to make the citation of authorities necessary, or even proper. The case of *Devoe* v. *Brandt,* 53 N. Y. 466; and the cases of *Spicer* v. *Waters,* 65 Barb. 227; *De Mott* v. *Starkey,* 3 Barb. Ch. 403; *Jewett* v. *Palmer,* 7 Johns. Ch. 65; *Jackson* v. *Cadwell,* 1 Cow. 622; *Barnard* v. *Campbell,* 58 N. Y. 73; and the very recent case of *Eaton* v. *Davison,* decided in Ohio, and reported in 21 N. E. Rep. 442,—show that even securing the payment of the purchase money is not enough. The purchase money must be actually paid, in order to make the purchaser a purchaser for value.' See, also, 2 Amer. & Eng. Cyclop. Law, 444. The vendor of goods who has been swindled out of them can reclaim them from any one who has not paid for them, either in cash or its equivalent, and in ignorance of the fraud by which the rightful owner was induced to part with them. Judgment must be reversed, and a new trial ordered, with costs to the plaintiff and appellant to abide the event.