(36 Misc. Rep. 157.)

## CLEMMONS v. BRINN.

(Supreme Court, Appellate Term. October, 1901.)

1. REPLEVIN—COMPLAINT—DESCRIPTION OF PROPERTY.
    Complaint in replevin of certain goods describing them as "373 2/8 yards of cloth, whether manufactured or unmanufactured or in process of manufacture, but capable of identification," is sufficient.

2. SAME—RIGHT OF ACTION.
    The owner may replevy his property if it can be identified in the hands of the wrongdoer, though it no longer remains in its original form.

3. SAME—PLEADING.
    It is unnecessary that complaint in replevin should describe the chattels with the same particularity as the affidavit to be given the sheriff.

4. HARMLESS ERROR.
    A motion to dismiss a complaint on the grounds that it and the opening of the plaintiff's counsel disclosed no cause of action was denied, and the deficiency was thereafter supplied by evidence submitted by plaintiff. Held, that error in refusing to dismiss the complaint was harmless.

5. REPLEVIN—FRAUDULENT PURCHASE.
    Where complaint charges fraud in that one defendant purchased chattels from plaintiff fraudulently, and thereafter sold them to the other defendant, who had knowledge of the fraud as part of the same scheme, such second purchase, in order to hold the goods as against the vendor, has the burden of proof to show that he was a bona fide purchaser of them for value, and without notice.

6. DISCHARGE IN BANKRUPTCY—CONTINGENT DEBT.
    In replevin against the purchaser of goods and his vendee defendants gave an undertaking to procure the return of the chattels replevied, as required by Code Civ. Proc. § 1704, subd. 2. Held, that the liability of the principal on the bond was too contingent to be provable as a debt

against him in bankruptcy by the plaintiff in replevin, and therefore his discharge pending replevin action is no defense.

Appeal from city court of New York, general term.

Action by William F. Clemmons against Isaac Brinn and Ellen Pimstein. From a judgment in the general term (72 N. Y. Supp. 1097) affirming a judgment in favor of plaintiff, and from an order denying a new. trial, defendant Brinn appeals.

Levy & Unger (Charles Haldane, of counsel), for appellant.
Abraham A. Joseph, for respondent.

McADAM, J. The action is in replevin to recover the possession of "373 $^2/_8$ yards of cloth, whether manufactured or unmanufactured or in process of manufacture, but capable of identification." This is allowable, for the action was founded upon the plaintiff's right of property in the goods which never passed to the defendants on account of their fraud. If a man, in such case, "puts a new shape on my matter that he may by this means rob me of it, he neither gains .any right over the matter by his act, nor can he demand of me any reward for labor, any more than the thief who digs through my walls can claim to be paid for his trouble in making a new door to my house" (Puff. Law Nat. Book 4, c. 7, § 10); or, as explained by Justinian in his Institutes (Dig. lib. 10, tit. 4, § 12): "If a man make wine with my grapes, oil of my olives, or garments with my wool, knowing they are not his own, he shall be compelled by action to produce the wine, oil, or garments." It is not essential that the property should remain in the original form in order to support replevin, provided it can be identified. Wingate v. Smith, 20 Me. 287; Gray v. Parker, 38 Mo. 165. There seems to have been no trouble identifying the property in this instance, for it was seized under the writ and counter bonded by the defendant. Notwithstanding this, the defendant upon the trial for the first time claimed that the property had not been sufficiently described in the complaint, and cited Devoe v. Selig, 25 Misc. Rep. 411, 54 N. Y. Supp. 941, Casket Co. v. Wielar, 26 Misc. Rep. 863, 56 N. Y. Supp. 394, and Schwietering v. Rothschild, 26 App. Div. 614, 50 N. Y. Supp. 206. But in these cases the objection was taken by motions to set aside the requisitions upon the ground that they did not comply with section 1695 of the Code of Civil Procedure, which requires that "the affidavit, to be delivered to the sheriff * * * must particularly describe the chattel to be replevied." There is no such provision respecting the complaint, which is required to contain nothing more than "a plain and concise statement of the facts, constituting each cause of action, without unnecessary repetition." Code Civ. Proc. § 481, subd. 2. The complaint contains facts sufficient to meet all legal requirements, though open, perhaps, to a motion to make it more definite and certain.

The next point urged by the appellant is that the opening of the plaintiff's counsel does not disclose a sufficient cause of action. As this motion was denied, any deficiency in the statement of counsel was supplied by the evidence subsequently offered, and this cured .any possible error in the ruling. Moskowitz v. Hornberger, 20 Misc. Rep. 558, 46 N. Y. Supp. 462; Baylies, Trial Proc. (2d Ed.) 315.

Upon the main ground involved we agree with the general term of the court below that "fraud is the essence of the case at bar, and it is upon this ground that the plaintiff seeks to rescind a contract of sale, and to recover his property or its value." The contract was made with the defendant Pimstein, and the goods were delivered to her by the plaintiff. She thereafter made a sale to Brinn of the property, and delivered it to him. This sale was also attacked by the plaintiff as fraudulent, and as part of the original scheme by which the property was obtained from him. The court charged the jury that, if they believed that the defendant Pimstein was guilty of fraud, then the only person who could hold the goods from the plaintiff was a purchaser in good faith and for value, paid at the time of the transfer; and that the burden of proving that Brinn was such a purchaser was on him. The latter portion of this charge was excepted to, but we find no error in it. Mather v. Freelove, 3 N. Y. St. Rep. 424; Schelley v. Diehl, 13 Wkly. Dig. 228; Partridge v. Rubin (Com. Pl.) 6 N. Y. Supp. 657.

As a bar to the action, the defendant Brinn pleaded and put in evidence his discharge in bankruptcy, dated October 18, 1899, by which he was discharged from all his provable debts existing July 19, 1899. On October 31, 1894, said defendant, with two sureties, gave a bond, and reclaimed the goods replevied in this action; and the judgment herein in favor of the plaintiff was entered February 20, 1901. Irrespective of the question whether the plaintiff's claim was scheduled by the bankrupt, we think the defendant Brinn's liability was such a contingent one that it was not a provable debt within the meaning of the present bankruptcy act. Coll. Bank. 381; Goding v. Roscenthal (Mass.; Oct. 18, 1901) 61 N. E. 222; Morgan v. Wordell (Mass.) 59 N. E. 1037. The position assumed and asserted by the defendant from beginning to end was that the plaintiff had wrongfully joined him as a party to the action, for, as to him, there was no cause of action whatever. For these reasons the defendant's request to charge the jury that, by reason of the discharge in bankruptcy, a verdict for a sum of money could not be returned against him, was properly refused.

Judgment affirmed, with costs.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.