HAROLD WILLIAMS, Appellant, v. EDWARD DE V. TOMPKINS, INC., Respondent, Impleaded with DANIEL J. LEARY and Another, Composing the Partnership of LEARY & Co., Appellants.

First Department, November 28, 1924.

Parties — action on promissory notes — bringing in parties defendant under Civil Practice Act, § 193 — person who has funds applicable to payment of notes may be brought in as party defendant.

In an action on promissory notes, the defendant is entitled, under section 193 of the Civil Practice Act, to have brought in as a party defendant a person who has in his possession a fund applicable to the payment of the notes.

APPEAL by the plaintiff, Harold Williams, and by the defendants, Daniel J. Leary and another, appearing specially herein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of June, 1924, granting the motion of the defendant Edward De V. Tompkins, Inc., made under section 193 of the Civil Practice Act, to bring in said Daniel J. Leary and another as parties defendant in this action and directing the service of a supplemental summons and pleadings on said Daniel J. Leary and another.

*Otto C. Sommerich* [*Maxwell C. Katz* with him on the brief], for the appellant Harold Williams.

*Siegfried F. Hartman*, appearing specially for the appellants Daniel J. Leary and another, copartners, etc.

*Lamar Hardy* [*Selig Edelman* of counsel], for the respondent.

MERRELL, J.:

The action is brought to recover upon twenty-two promissory notes, the aggregate principal of which amounts to $61,600. The defendant, Edward De V. Tompkins, Inc., made and delivered the notes sued upon to the plaintiff. The complaint contains twenty-two causes of action all based on such notes and containing the usual allegations. The answer of the defendant denies the allega-

2

tions of the complaint in respect to each cause of action in so far as the amount alleged to be due upon the respective notes is concerned; denies that no part of such notes has been paid, and that the amount stated is due from the defendant to the plaintiff. Two counterclaims were set up in the answer, the first of which alleged that the defendant was released from the payment of the notes in suit and that the obligation for indebtedness, if any, on the part of the defendant as represented by such notes had been assumed by the aforesaid copartnership of Leary & Co., with the knowledge and consent of the plaintiff. The second counterclaim in effect charged.the plaintiff and the aforesaid copartnership of Leary & Co. and Leary individually with combining to prosecute said action in order to nullify a judgment in equity for an accounting in an action brought by the defendant against Leary & Co. In such counterclaim reference was made to an agreement between the defendant and Leary & Co., bearing date· October 29, 1917, in which certain sewer contracts with the city of Bridgeport, Conn., were assigned to Leary & Co. by the defendant. A motion was made under section 271 of the Civil Practice Act to strike out the second counterclaim on the ground that the alleged cause of action therein set forth did not run *against the plaintiff along with the proposed new defendants.* The Special Term struck out the counterclaim and upon appeal to this court the order was unanimously affirmed (208 App. Div. 574). A motion was then made by the defendant under section 193 of the Civil Practice Act to bring in the aforesaid members of said copartnership of Leary & Co. as defendants herein, on the ground that they would eventually be liable to pay the promissory notes sued upon, it being alleged that they had assumed such liability when accepting the assignment of October 29, 1917. The Special Term has held that the new defendants should be brought in and that the holding of this court on the former appeal does not govern the present motion. The question before this court on the former appeal had to do simply with the counterclaim. Section 271 of the Civil Practice Act provides that, where a defendant sets up any counterclaim which raises questions between himself and the plaintiff *along with any third person,* he should set forth the names of all the persons who, if such counterclaim were to be enforced by cross-action, would be defendants to such cross-action. Section 271 then provides that, where such third person is not a party, he should be summoned to appear by being served with the answer, and thereby he becomes a party defendant and may reply to the counterclaim. Section 193 of the Civil Practice Act empowers the court to determine on motion the nature of the controversies between the parties before it, where it

can do so without prejudice to the rights of others, and provides that where a complete determination cannot be had without the presence of third parties, the court must direct them to be brought in. It is provided in subdivision 2 of such section (as amd. by Laws of 1923, chap. 250) that where any party to an action shows that some other person not then a party to the action is or will be liable to such party wholly or in part for the claim made against such party in the action, the court on application of such party may order such person to be brought in as a party, so that the claim of such moving party against such third person may be determined in such action, which would thereupon proceed against such person as a defendant therein.

The facts alleged in the pleadings in the case at bar and shown by the various exhibits are extremely intricate. Prior to October 29, 1917, when the assignment of the so-called sewer contract was given by the defendant to Leary & Co., the defendant corporation had been organized and had taken from the city of Bridgeport a sewer contract. The defendant corporation thereafter took from the same city contracts for the construction of two bridges. To furnish funds for the construction of the sewer the plaintiff borrowed of Leary individually $61,600 and turned over such sum to the defendant corporation. Tompkins borrowed a similar sum from Leary & Co. and paid his $61,600 into the corporation treasury, and Williams received the promissory notes now sued upon as evidence of such loan or deposit. Being common stockholders of the defendant corporation, it is evident that Williams and Tompkins, in case the sewer contract was satisfactorily completed, would share in the profits, and that the promissory notes so given would be deductible before ascertaining profits. Such was the status of the parties when the defendant corporation had trouble with the city of Bridgeport concerning the bridge contracts. The city ousted the defendant and took possession of the works. Having been so ousted from the bridge jobs, the defendant brought an action against the city of Bridgeport to recover the sum of $300,000 damages, the proceeds of which judgment were assigned and agreed to be paid by the Tompkins corporation to Leary & Co. under the terms of an agreement dated December 31, 1917. This agreement preserved the respective rights and interests of Leary & Co. in respect to profits on the bridge jobs, Williams not sharing therein. In 1920 a judgment was obtained against the city of Bridgeport for $206,000 as the result of the aforesaid litigation, which sum was collected by Leary & Co. pursuant to the aforesaid assignment. Leary & Co. having failed to pay Tompkins, an interlocutory judgment was obtained for an accounting; and it is stated in the

briefs that an appeal therefrom was taken and is now pending in this court.

After the trouble in respect to the bridge jobs, Leary & Co. insisted on taking over the sewer contract, in which Williams and Tompkins were to share the profits equally. On October 29, 1917, an assignment of such sewer contract was made to Leary & Co. The agreement of October 29, 1917, was between Edward DeV. Tompkins, of the first part, Edward DeV. Tompkins, Inc., of the second part, and Leary & Co., of the third part; and it was therein provided that the intention was to relieve the party of the second part from the further performance of the said sewer contract. The agreement, after stating all of the facts which brought about the assignment, contained the further provision that the party of the third part agreed to perform all of the covenants of the second party in respect to the sewer contract and agreed to assume all debts, obligations and liabilities which arose or grew out of the said sewer contract, and also released the parties of the first and second parts from any obligation to repay any and all advances made by Leary & Co. to either of the aforesaid parties. The plaintiff was not a party to this agreement, and for that reason the counterclaim on the former motion was stricken out. It is apparent, however, that having taken over the sewer contract and having also collected the judgment recovered against the city of Bridgeport in the litigation over the bridge contracts, Leary & Co. have in their possession funds which finally should go to discharge the notes sued upon. The notes in suit grew out of the sewer contract and represent money paid into defendant's treasury for the purpose of carrying out such contracts, and the defendant may be entitled to receive from Leary & Co. considerable sums of money applicable to the payment of such notes; and it is also claimed that Leary & Co. have agreed to pay such obligations. Such being the case, I think the defendant has brought itself within the provisions of section 193 of the Civil Practice Act, and that the members of the copartnership firm of Leary & Co. should be brought in as parties defendant under that section. There is nothing inconsistent therein with our decision and opinion on the former appeal.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.