CORPORATION HOLDING COMPANY, INC., Appellant, v. WILLIAM K. WIEBER, Respondent.

CORPORATION HOLDING COMPANY, INC., Appellant, v. ALEXANDER COOKE, Respondent.

CORPORATION HOLDING COMPANY, INC., Appellant, v. VINCENZO DARIO, Respondent.

Third Department, November 19, 1930.

. *E. Deane Vincent,* for the appellant.

*Mitchell A. Kohn,* for the respondents.

DAVIS, J. The three separate actions tried together were each brought to recover on a promissory note given by the respective defendants at different dates in September, 1929. These notes were payable three months after date to the order of David Campbell. The plaintiff alleged in the complaints that the notes respectively were sold and assigned to plaintiff who became the owner and holder thereof before maturity for a valuable consideration. The answers do not deny the making and delivery of the notes to Campbell, but deny that they were sold and assigned to the plaintiff. For a further defense the respective defendants alleged payment to David Campbell.

On the trial there was proof that David Campbell died on November 24, 1929. There was further proof that plaintiff had given notice to the defendants on November twenty-first that the notes had been " turned over " to it. The president of the plaintiff produced the notes on the trial and they were offered in evidence. He testified that the notes came into his possession on October 24, 1929, and had since remained in his possession as president of the corporation. He further testified upon direct examination that the plaintiff was the owner of the three notes; and upon cross-examination that he paid Mr. Campbell full face value of the notes in a trade and delivered stock and bonds to him in payment. The notes were not indorsed; there was no written assignment; and the only evidence of a prior assignment is that just stated.

With the proof in this somewhat incomplete and unsatisfactory state, the plaintiff rested. The defendants' counsel then moved for a dismissal of the complaints on the ground that there was no cause of action proved, no consideration for the assignments, and

plaintiff was not a holder in due course, there being no assignment or transfer from David Campbell. The motion was granted.

We think it was error to dismiss the complaints under the proof as it stood. The holder of a negotiable instrument may sue thereon in his own name. (Neg. Inst. Law, § 90.) If the holder of an instrument payable to his order transfers it for value without indorsing it the transfer vests in the transferee such title as the transferor had therein. (Id. § 79.) Possession of a note at the trial creates a presumption that the person in possession is the owner of it (*Stephens* v. *Mc Neill*, 26 Barb. 651; *Newcombe* v. *Fox*, 1 App. Div. 389; affd., 154 N. Y. 754; *Martz* v. *State National Bank*, 147 App. Div. 250) and may establish a *prima facie* case for plaintiff. (*Mc Neill* v. *Shellito*, 185 App. Div. 857.)

The plaintiff went further in this case. It proved ownership of the notes by competent evidence (*DeWolf* v. *Williams*, 69 N. Y. 621; *Pichler* v. *Reese*, 171 id. 577; Wigm. Ev. [2d ed.] §§ 1246, 1960) and by proving the payment of consideration. This proof was susceptible to contradiction and the defendants have denied the assignment and transfer for value. Further, they have alleged payment which on the face of their bill of particulars is subsequent to the date of the transfer. If the date or validity of the transfers is impeached, the plaintiff would take subject to any equities existing between the parties to the instruments before they were assigned or before the makers respectively had notice of their transfer. (*Goshen National Bank* v. *Bingham*, 118 N. Y. 349; *Martz* v. *State National Bank, supra.*) Therefore, the issues between the parties have not been fully tried.

If it is desired by any party to have all possible controversies determined in one action, the representatives of the estate of David Campbell may be brought in. (Civ. Prac. Act, § 193; *Haverhill* v. *International Railway Co.*, 217 App. Div. 521; affd., 244 N. Y. 582; *Williams* v. *Tompkins, Inc.*, 211 App. Div. 17.)

The judgments should be reversed on the law and a new trial granted, with one bill of costs to appellant to abide the event.

VAN KIRK, P. J., HINMAN, HILL and HASBROUCK, JJ., concur.

Judgments reversed on the law and new trial granted, with one bill of costs to the appellant to abide the event.