LAMPORT MFG. SUPPLY Co., INC., Plaintiff, Appellant, *v.* PHILIP REISS and Another, Copartners, Doing Business as MAJESTIC OVERALL COMPANY, Defendants.

BONIME-ABT, INC., Defendant, Respondent.

Supreme Court, Appellate Term, First Department, May 12, 1932.

*Horace London* [*Leo Guzik* of counsel], for the appellant.

*Victor A. Pascal,* for the respondent.

FRANKENTHALER, J.   The complaint alleges the fraudulent purchase by one Sugarman from the plaintiff of certain goods; the rescission of the sale by reason of the fraud; that the defendant Bonime-Abt, Inc., has in its possession, transferred by the alleged fraudulent buyer without consideration, a note for $912.57 representing the purchase price of seven bales of the goods, and the refusal of the corporate defendant, upon demand, to deliver said note to the plaintiff; and the relief prayed for against the said corporate defendant is that it deliver the note and any moneys collected thereon to the plaintiff, or in the event of its refusal to deliver, that the plaintiff have judgment against said defendant for the amount of the note.

Prior to the trial of the action the defendant Bonime-Abt, Inc., moved to dismiss the complaint as against that defendant upon the ground that the Municipal Court had not jurisdiction of the subject of the action, and also on the ground that the complaint did not state facts sufficient to constitute a cause of action against said defendant.   That motion was denied by Justice CHILVERS.

When the case thereafter came on for trial before Justice SULLIVAN the said defendant moved to dismiss on the same grounds as upon the motion which had been denied by Justice CHILVERS, and the motion was granted.

I think it was error to dismiss.

In the light of the allegations of the complaint the promissory note held by the respondent must be deemed to represent seven bales of the goods fraudulently procured from the plaintiff by the vendee Sugarman, and a refusal by the defendant Bonime-Abt, Inc., a holder of the paper without consideration, to deliver the note to the plaintiff upon demand was a conversion of the property.

" If a man's goods are taken by an act of trespass, and are subsequently sold by the trespasser and turned into money he may maintain trespass for the forcible injury, or waiving the force he may maintain trover for the wrong, or waiving the tort altogether he may sue for money had and received." (*National Trust Co.* v. *Gleason*, 77 N. Y. 400, 408.) Not being a *bona fide* purchaser the defendant corporation stands in the shoes of its transferor. (*Kinney* v. *Kiernan*, 49 N. Y. 164; *Partridge* v. *Rubin*, 15 Daly, 344.)

The objection that the note would require the indorsement of the respondent, and such indorsement could not be ordered by the Municipal Court, is not fatal to jurisdiction, for indorsement of the note is not essential, since a judgment in favor of the plaintiff for the delivery of the note (Civ. Prac. Act, § 1116) would transfer to plaintiff the right of property in the instrument. (*Meuer* v. *Phenix Nat. Bank*, 94 App. Div. 331; affd., 183 N. Y. 511; *Corporation Holding Co., Inc.,* v. *Wieber*, 230 App. Div. 636.)

I think the complaint alleges a cause of action of which the Municipal Court has jurisdiction.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

LEVY, J., concurs.

LYDON, J. (dissenting). I dissent. The plaintiff appeals from a judgment dismissing the complaint.

In September, 1930, one Sugarman issued a written financial statement showing that his assets exceeded his liabilities by at least the sum of $35,000, and fraudulently induced the plaintiff to sell and deliver to him on credit twenty-five bales of merchandise valued at $3,170.52. Sugarman's representations were false, and instead of having assets in excess of his liabilities he was over $25,000 in debt, which made him insolvent. Immediately on discovering the fraud, plaintiff demanded the return of the goods.

On September 19, 1930, Sugarman (the fraudulent vendee) sold to Reiss and Ezersky seven of those twenty-five bales which he had fraudulently obtained from the plaintiff, for which Reiss and Ezersky gave Sugarman a promissory note in the sum of $912.57. Thereafter Sugarman indorsed and delivered the said note to the defendant Bonime-Abt, Inc., as plaintiff claims, without consideration, and in fraud of plaintiff's rights. Plaintiff made a demand on Reiss and Ezersky for the return of the seven bales or the payment of the sum of $912.57, which was refused. Plaintiff then demanded from Bonime-Abt, Inc., the return of the note or any moneys collected thereunder, and that was refused. The defendant Bonime-Abt, Inc., appeared and answered, denying all

the allegations. After issue was joined the defendant Bonime-Abt, Inc., made a motion for an order dismissing the complaint under rule 106 of the Rules of Civil Practice on the ground that the court did not have jurisdiction of the subject of the action, and that the complaint did not state facts sufficient to constitute a cause of action. The motion was based on the fact that the relief asked for in the complaint was for judgment against Bonime-Abt, Inc., directing the said defendant to deliver to the plaintiff a certain promissory note made by Reiss and Ezersky to the order of Sugarman, together with any moneys collected thereunder, and in the event that they failed or refused to deliver the note to the plaintiff, that plaintiff have judgment against Bonime-Abt, Inc., in the sum of $912.57, and in the event that the note was delivered to plaintiff, that plaintiff have judgment against Reiss and Ezersky for $912.57. The motion was denied.

Prior to the trial of the action plaintiff discontinued as against the defendants Reiss and Ezersky. At the beginning of the trial the defendant made a motion to dismiss the amended complaint on the ground that the court did not have jurisdiction, contending that the complaint set forth an equitable cause of action against this defendant Bonime-Abt, Inc., with which the Municipal Court could not deal. The plaintiff maintained that the order that was entered on the previous motion established the law of the case and that the trial judge could not consider this second application or motion, as that would be equivalent to reviewing his associate's decision, but the trial court thought differently and claimed that the question of jurisdiction could be raised at any time, and he dismissed the complaint. Hence this appeal.

A decision of a judge on an intermediate order not appealed from, nor brought up for review, would ordinarily constitute the law of the case, but it seems to me that when there is a question of jurisdiction the case is different. If the decision on the original motion became the law of the case, the trial court was bound to proceed with the trial and render judgment and, in the absence of error on the trial, we would be bound to affirm. Yet the judgment would be void and subject to collateral attack. In short, it appears to me that much the same reasons which have impelled the Court of Appeals to refuse to apply the doctrine of the law of the case to a decision upholding the sufficiency of a complaint (*Ansorge* v. *Kane*, 244 N. Y. 395; *Vogeler* v. *Alwyn Improvement Corp.*, 247 id. 131; *Hornstein* v. *Podwitz*, 254 id. 443) justify us in refusing to recognize it here. If a court has not jurisdiction of the subject-matter of a case there cannot properly be a trial and the question of jurisdiction can be raised at any time. Besides,

in the present case, the order was not appealable and could not be brought up for review on this appeal because it was entirely favorable to appellant.

The respondent cites the case of *American Sugar Refining Co.* v. *Fancher* (145 N. Y. 552) as supporting the dismissal below. In that case the plaintiff sold merchandise on credit. The next day, the vendee, being hopelessly insolvent, assigned all its assets to the defendant for the benefit of creditors, who collected and retained the proceeds of the resale of some of the merchandise. There the plaintiff (as in the case at bar) sought to recover the proceeds of the resale from the defendant. The Court of Appeals recognized that the plaintiff had an adequate remedy at law and sanctioned the suit in a court of equity, respecting of course the rights of *bona fide* purchasers that had intervened. The claim of the respondent herein is that the plaintiff has asked for equitable relief and should not be allowed to try his case as a law case.

The defendant herein never had the goods. But plaintiff claims that the note had such relationship to the goods that it should be allowed to follow it. At the same time the plaintiff claims that the note was delivered without consideration and is invalid. It can, therefore, be of no use whatever to the plaintiff.

It might be said that this is a replevin action, and it is true that under section 1116 of the Civil Practice Act the plaintiff may proceed in a replevin action and recover therein the chattel or its value, although he has not required the sheriff to replevy it, or the sheriff has not been able to replevy it. But it seems to me that when we refer to the chattel we must use that word in connection with the seven bales of merchandise in this case, and not in connection with this note. In order to sustain a replevin action plaintiff would have to show title to this note, and the allegations of the complaint cannot be interpreted to be a claim of title or ownership. Upon the rescission of this contract of sale plaintiff had a right to recover in conversion from Sugarman and from Reiss and Ezersky because of their wrongful exercise of dominion over property whose legal title was in the plaintiff. But plaintiff seeks to go further and claim legal title to the note in the hands of Bonime-Abt, Inc. This I think it can do only in a court of equity, which alone has power to change the alleged equitable lien to a legal title if warranted by the facts.

The judgment below should be affirmed, with twenty-five dollars costs.