BANQUE MELLIE IRAN, Appellant and Respondent, *v.* YOKOHAMA SPECIE BANK, LTD., et al., Defendants, and ELLIOTT V. BELL, Superintendent of Banks of the State of New York, as Liquidator of YOKOHAMA SPECIE BANK, LTD., Respondent and Appellant.

Argued January 11, 1949; decided April 14, 1949.

140

*Allen T. Klots, Walter J. Holzka* and *Merrell Clark, Jr.,* for plaintiff, appellant and respondent. I. Plaintiff is entitled to a preference under the statute because the payment to the New York agency of the moneys sought to be recovered was a transaction out of which plaintiff's claim arose. (*Cable & Wireless,*

*Ltd.,* v. *Yokohama Specie Bank, Ltd.,* 191 Misc. 567; *Singer* v. *Yokohama Specie Bank, Ltd.,* 293 N. Y. 542.) II. Plaintiff is also entitled to a preference under the authority of *Singer* v. *Yokohama Specie Bank, Ltd.* (293 N. Y. 542). III. Executive Order No. 8389 does not invalidate plaintiff's claim. (*Clark* v. *Propper,* 169 F. 2d 324; *Bernstein* v. *N. V. Nederlandsche-Amerikaansche,* 76 F. Supp. 335, 79 F. Supp. 38; *Miyuki Okihara* v. *Clark,* 71 F. Supp. 319.) IV. The courts below erred in dismissing the third cause of action covering the amount of $3,701. V. Plaintiff is entitled to interest on its claim from December 8, 1941. (*Lafayette Trust Co.* v. *Beggs,* 213 N. Y. 280; *Northern Bank of N. Y.* v. *Drury,* 152 App. Div. 64; *People* v. *Merchants' Trust Co.,* 187 N. Y. 293; *Matter of People [First Russian Ins. Co.],* 253 N. Y. 365; *Matter of People [Norske Lloyd Ins. Co.],* 249 N. Y. 139.) VI. The requirement of a license under Executive Order No. 8389 before payment of the claim could be made does not justify the denial of interest. (*Cable & Wireless, Ltd.,* v. *Yokohama Specie Bank, Ltd.,* 191 Misc. 567; *Cameron-Hawn Realty Co.* v. *City of Albany,* 207 N. Y. 377; *Kiyoichi Fujikawa* v. *Sunrise Soda Water Works Co.,* 158 F. 2d 490, 331 U. S. 832.)

*Edward Feldman, Henry L. Bayles* and *Daniel Gersen* for defendant, respondent and appellant. I. The prohibitions of Executive Order No. 8389 and of the Treasury Supervisor in charge of the agency prevented the creation of any claim in favor of plaintiff. II. Executive Order No. 8389 prohibits the payment of plaintiff's claim until licensed. No such license has ever been issued. It follows that plaintiff is not entitled to any interest whatsoever upon its claim. (*McCloskey* v. *Brown,* N. Y. L. J., April 20, 1946, p. 1548, col. 6, 271 App. Div. 772; *Moscow Fire Ins. Co.* v. *Heckscher & Gottlieb,* 260 App. Div. 646, 285 N. Y. 674.) III. Section 627 of the Banking Law prevents payment of interest upon delayed dividends. IV. The decision of *Singer* v. *Yokohama Specie Bank, Ltd.* (293 N. Y. 542) requires that judgment be rendered for the Superintendent. V. Even if a promise is unnecessary, the court below in any event erred in granting summary judgment as to items aggregating $6,689.53. VI. Only creditors of the New York agency of a foreign banking corporation may participate in the liquidation of such agency under subdivision 4 of section 606 of the

Banking Law. (*Clinton Trust Co.* v. *Compania Azucarera Central Mabay, S. A.,* 172 Misc. 148, 258 App. Div. 780; *Bluebird Undergarment Corp.* v. *Gomez,* 139 Misc. 742; *Matter of Harris,* 27 F. Supp. 480; *Pan-American Bank & Trust Co.* v. *National City Bank,* 6 F. 2d 762; *Chrzanowska* v. *Corn Exch. Bank,* 173 App. Div. 285, 225 N. Y. 728; *Marboro Trust Co.* v. *Elliott,* 86 F. 2d 315; *Dean* v. *Eastern Shore Trust Co.,* 159 Md. 213.) VII. The courts below properly dismissed the third cause of action for $3,701. VIII. Plaintiff is not entitled to interest on his claim. (*Moscow Fire Ins. Co.* v. *Heckscher & Gottlieb,* 260 App. Div. 646, 285 N. Y. 674; *McCloskey* v. *Brown,* N. Y. L. J., April 20, 1946, p. 1548, col. 6, 271 App. Div. 772.)

*David L. Bazelon, John F. X. McGohey, James L. Morrisson* and *J. Roger Wollenberg* for United States, *amicus curiæ,* in support of defendant, respondent-appellant's position. I. In the absence of an appropriate Federal license, Executive Order No. 8389 and rulings issued pursuant thereto prohibited not only the payment of plaintiff's claim but also the creation of any obligation to pay on the part of the agency. II. No interest should have been awarded. (*Moscow Fire Ins. Co.* v. *Heckscher & Gottlieb,* 260 App. Div. 646, 285 N. Y. 674; *Donnelly* v. *City of Brooklyn,* 121 N. Y. 9; *McCloskey* v. *Brown,* N. Y. L. J., April 20, 1946, p. 1548, col. 6, 271 App. Div. 772; *Silesian-American Corp.* v. *Clark,* 332 U. S. 469; *Great Northern Ry. Co.* v. *Sutherland,* 273 U. S. 182; *Matter of Daly,* 189 Misc. 680; *Alexewicz* v. *General Aniline & Film Corp.,* 181 Misc. 181; *Wageck* v. *Travelers Ins. Co.,* 108 Misc. 65.)

FULD, J. Disposition of this appeal is controlled by our two decisions in *Singer* v. *Yokohama Specie Bank,* the one decided today (299 N. Y. 113), the other in 1944 (293 N. Y. 542).

The facts are undisputed. During the first half of 1941, plaintiff, the Central Bank of Iran, seeking to create credits in favor of certain exporters in Japan, ordered a New York City bank, the Irving Trust Company, to pay to the New York Agency of Yokohama Specie Bank, Ltd., various sums of money, totaling $117,162.27. These funds were transmitted by the Agency to Japanese branches of Yokohama Specie Bank, Ltd., and stood to the credit of plaintiff's Japanese shippers. The credits were to expire on a date fixed, with the proviso that the unused balances were to be returned to plaintiff.

The onset of freezing controls in July, 1941, found the original totals intact, except for a single withdrawal of $1,000 and, when the credits expired shortly thereafter, a balance of $116,162.27 remained for refund to plaintiff. On December 2, 1941, a few days before Pearl Harbor, the home office of the Yokohama Specie Bank, Ltd., notified its New York Agency of the amount of the unutilized credits and, except as to items totaling $3,956.97, directed it to refund that amount to plaintiff. Since compliance with those directions would have involved a transfer of funds which were subject to Federal freezing controls, the New York Agency, in advising the Irving Trust Company of its instructions from the home office, declared that it would hold the funds pending receipt of a Federal Treasury license clearing payment. Before such a license was procured, war broke out and the Superintendent of Banks took over the assets of the New York Agency, as liquidator. In that capacity, he rejected plaintiff's claim as a preferred creditor of the New York Agency.

In the present action against Yokohama Specie Bank, Ltd., and the Superintendent, as its liquidator, plaintiff sues for $116,162.27, the alleged balance of the moneys originally remitted to Japan, with interest from December 2, 1941, the date of the letter by which the New York Agency advised that it was in funds belonging to plaintiff. The complaint contains three causes of action. The first seeks recovery of specified sums which total $112,461.27, and the third involves an item of $3,701; the second cause of action may be disregarded, since the amount therein sought is included in the first cause of action.

The court at Special Term, concluding that plaintiff's proof established " a preferred claim under Section 606, subdivision 4(a), of the Banking Law ", awarded plaintiff partial summary judgment for $112,205.30 — the amount in the first cause of action less an item of $255.97 — with interest on that amount from December 2, 1941. It was explicitly adjudged, however, that payment of that claim was " subject to the provisions of Executive Order of the President of the United States No. 8389 as amended ". As to the remaining causes of action and the balance òf the money sued for, the court granted the Superintendent's cross motion for summary judgment. Both parties appealed to the Appellate Division, which modified the judgment by providing that interest should run from October 29, 1942, rather than

from December 2, 1941, and now both parties appeal to us from that determination.

Our decision on the first *Singer* appeal (293 N. Y. 542, *supra*) dictated both the recognition of plaintiff's claim as a preferred one under the Banking Law and the direction that its principal amount be paid on condition that a license authorizing such payment be obtained from the Federal Government. The amount of $112,205.30 awarded represented the aggregate of the sums which the New York Agency, in its letter of December 2, 1941, acknowledged were due to plaintiff upon its obtaining Treasury authorization. Underlying plaintiff's claim for that amount was a course of dealings which culminated in the advice by the Agency that it was in funds which it was obligated to pay to plaintiff. These dealings constituted, to use the language of our decision in the earlier *Singer* appeal (293 N. Y., *supra,* at p. 550), " a transaction had by a creditor ", plaintiff Banque Mellie, " of a foreign corporation ", Yokohama Specie Bank, Ltd., " ' with its New York agency, ' " and, *pro tanto,* entitled plaintiff to a preference under subdivision 4 of section 606 of the Banking Law.

The same cannot, however, be said of the remaining items, aggregating $3,956.97, which were not mentioned in the Agency's letter to Irving Trust Company. There is entirely lacking, as to those sums, the essential acknowledgment by the New York Agency that it was under any obligation to pay plaintiff. It follows that plaintiff's claim to those items does not " arise out of a transaction " with the Agency and is not entitled to recognition as a preferred claim.

Of course, even the amount to which plaintiff has established an accrued claim is not yet ripe for payment. Recognize plaintiff's claim we may, but its payment must await authorization by the Treasury Department in accordance with Executive Order No. 8389 (Code of Fed. Reg., Cum. Supp., tit. 3, p. 645). As we held in the *Singer* appeal (*supra*), none of the documents relied upon by plaintiff may be accorded that effect. The result is that, in this case, just as in the *Singer* case, plaintiff may not, until it produces the necessary Federal clearance, collect the principal of its claim.

From this conclusion it flows as an inevitable corollary that plaintiff's claim for interest must fail. In the absence of

Treasury authorization, the Superintendent was under no obligation, certainly under no absolute or unconditional obligation, to pay the principal of plaintiff's claim. A settled principle of law prohibits the running of interest upon such an obligation. Indeed, for more than half a century this court has viewed as self-evident the proposition that interest does not accumulate upon an obligation to pay unless it is unconditional. (See, e.g., *Moscow Fire Ins. Co.* v. *Heckscher & Gottlieb*, 285 N. Y. 674, affg. 260 App. Div. 646, 650; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9, 19–20; *McCloskey* v. *Brown*, 271 App. Div. 772.) " It is obvious ", we declared in 1890, " that if the duty to pay has not become absolute, the liability for interest does not arise ". (*Donnelly* v. *City of Brooklyn, supra*, 121 N. Y. at p. 20.) That precisely describes the situation before us, for payment of plaintiff's claim has expressly been made conditional upon Treasury authorization, " subject to the provisions of Executive Order * * * No. 8389 ". That being so, liability for interest does not arise.

The judgments should be modified, by eliminating the provisions adjudging that plaintiff is entitled to interest upon his claim and, as so modified, affirmed, without costs. [See 299 N. Y. 790.]

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur.

Judgment accordingly.