## LYON, SUPERINTENDENT OF BANKS, *v.* SINGER.

NO. 512.

Argued April 18–19, 1950.—Decided June 5, 1950.

*Edward Feldman* argued the cause for Lyon, Superintendent of Banks. With him on the briefs was *Daniel Gersen.*

*Albert R. Connelly* argued the cause for Singer. With him on the brief was *George S. Collins.*

*Allen T. Klots* argued the cause for Banque Mellie Iran. With him on the brief were *Peter H. Kaminer* and *Merrill E. Clark, Jr.*

By special leave of Court, *James L. Morrisson* argued the cause for the United States, as *amicus curiae,* supporting petitioner in Nos. 512 and 513, urging reversal or

modification of the judgment in No. 512, and affirmance in No. 527. With him on the briefs were *Solicitor General Perlman* and *Harold I. Baynton.*

PER CURIAM.

Certiorari was granted in these cases to review federal issues respecting the administration of frozen alien property. 339 U. S. 902.

The cases arose from suits brought by claimants Singer and Banque Mellie Iran to collect from a statutory bank liquidator claims allegedly entitled to a preference under New York Banking Law § 606, arising from transactions with a Japanese corporation, blocked under Executive Orders Nos. 8389, 5 Fed. Reg. 1400; 8832, 6 Fed. Reg. 3715. The New York Court of Appeals held that the transactions gave rise to a preferred claim in the liquidation but that payment by the liquidator must await specific licensing by the Alien Property Custodian of the transactions underlying the claims. *Singer* v. *Yokohama Specie Bank, Ltd.,* 293 N. Y. 542, 58 N. E. 2d 726, 299 N. Y. 113, 85 N. E. 2d 894; *Banque Mellie Iran* v. *Yokohama Specie Bank, Ltd.,* 299 N. Y. 139, 85 N. E. 2d 906.

Those opposed to the judgments urge that, as a matter of federal law, the freezing order prevented the creation of any claim recognizable under § 606 of the New York Banking Law.

Oral argument and study of the record have convinced us that the judgments of the New York Court of Appeals are not inconsistent with the First War Powers Act of 1941, § 301, 55 Stat. 839, or the above Executive Orders. We accept the New York court's determination that under New York law these claims arose from transactions in New York and were entitled to a preference. Since the New York court conditioned enforcement of the claims upon licensing by the Alien Property Custodian, federal control over alien property remains undiminished. Our

decision in *Propper* v. *Clark,* 337 U. S. 472, does not require a contrary conclusion. There the liquidator claimed title to frozen assets adversely to the Custodian, and sought to deny the Custodian's paramount power to vest the alien property in the United States. No such result follows from the New York court's judgments in the present cases.

Since we further agree that, at the time the New York judgments were entered, no licenses had been issued to these claimants, we affirm the judgments below.

*Affirmed.*

MR. JUSTICE FRANKFURTER is of the opinion that since the federal question in Nos. 513 and 528 has been eliminated by the license granted by the Director, Office of Alien Property, no jurisdiction to review remains in this Court. Therefore, the writs of certiorari in these two cases should be dismissed.