In the Matter of the Accounting of United States Trust Company of New York, as Executor of Alice S. de Montale, Deceased.

Surrogate's Court, New York County, November 21, 1950.

*Raymond Harper* and *Thomas Stokes* for executor, petitioner.

*Walter M. Hinkle* for Mazloum & Absi, respondent.

*Ephraim S. London* and *Eric Nightingale* for Anne Hurst, respondent.

*Hugh F. Fitzgerald,* respondent in person, and for Ferenc Szekessy and others, respondents.

*Guy G. Gabrielson* and *Joseph W. Zeller* for Henry Tazartes and another, respondents.

FRANKENTHALER, S. On the settlement of the decree the successful claimants demand interest on their respective claims at the rate of 6% from August 29, 1945, the date when payment

of the two checks was requested and refused by the drawee. The objections filed by claimants prayed for interest "from the date of presentation of said claims" to the executor, a date which is not clearly fixed in the pleading.

In its decision (*Matter of de Montale,* 199 Misc. 711) the court allowed the claims; not on the checks themselves, but on the basis of the engagements made by the drawer, namely, that the checks would be paid "after the unblocking of the American funds in the United States, that is after the war" and that in "the event of any impediment" she would pay them. The litigation over the validity of the claims did not require a finding as to the precise time intended to be designated by the words "after the unblocking of the American funds in the United States, that is after the war", if indeed any precise date was intended. In dismissing the argument that the claims were illegal under Federal laws, the court pointed out that the agreement indicated "the intent of all parties to the transactions that there would be no payment until the funds were unblocked after the war. It was anticipated that wartime restrictions would be lifted in time and that payment then could be freely made by the drawee."

Counsel for the claimants viewed the obligation to pay as burdened by even further conditions for in his reply brief he asked allowance of the claims "subject to final approval of payment by the Alien Property Custodian, who waits upon the action of this court to determine the validity of the claims."

Any payments made by the executor are subject to all the applicable Federal laws and rules and regulations adopted pursuant thereto. This court cannot now say when or under what conditions the United States will permit transfers of the property. Those questions must be determined by the appropriate authorities. The claimants must present to the executor satisfactory proof of compliance with the Federal requirements. "In the absence of Treasury authorization, the * * * [executor] was under no obligation, certainly under no absolute or unconditional obligation, to pay the principal of plaintiff's claim. A settled principle of law prohibits the running of interest upon such an obligation. Indeed, for more than half a century this court has viewed as self-evident the proposition that interest does not accumulate upon an obligation to pay unless it is unconditional." (*Banque Mellie Iran* v. *Yokohama Specie Bank,* 299 N. Y. 139, 144–145.) That rule is all the more pressing here where the contract was that payment would only be due after the unblocking of the funds.

Interest is therefore allowable only from the time that the obligation to pay becomes absolute, that is, after the Federal Government evidences its permission for payment to claimants pursuant to appropriate statutes or rules.

The parties are in further disagreement whether the decree should merely allow the claims or should go further and direct payment by the executor. The account is only intermediate. General rules, which require no restatement here, must determine whether the executor may make immediate payment or withhold payment until the condition of the estate finances is finally fixed. The decree will contain a provision allowing the claims.

The decretal provision relating to disallowance of the claim of Mazloum & Absi goes beyond the decision of the court. The decree should provide that objectants failed to prove a valid obligation owing to them and that the claim is therefore disallowed. The case was not tried on the theory that the decedent was liable to them on engagements impliedly undertaken by her by the law of the place where the checks were made. No proof was offered by either side as to the law of that place, and under the circumstances the court would not have been justified in assuming facts necessary to decide the case on a theory different from that under which it was presented. The court pointed out the failure of proof in that respect and no application has been made to supply such proof.

The theory on which the case was tried is that the decedent was obligated to claimants on a pre-existing debt and that the mere making and delivery of the checks proved the underlying debt because of a presumption that they were given in payment of a debt. Respecting that argument the court indicated that it was not now prepared to affirm the proposition that the delivery of the checks gave rise to a series of presumptions, namely, that the checks were given in payment of a debt, that the debt constituted an obligation that was valid and enforcible and that it was in precisely the same amount as the checks. The court held that even if there were such a presumption, there is no basis in this record for the assumption that claimants are the owners of such pre-existing or underlying debts because it conclusively appears that they took the checks for purposes of collection only. Though the transferee of a negotiable instrument may sue *on the instrument* in his own name (*Corporation Holding Co.* v. *Wieber,* 230 App. Div. 636, 638 and cases cited: Brannan on Negotiable Instruments [7th ed.], § 51, pp. 667,

668), nevertheless in a suit on the underlying or pre-existing debt, there is no presumption of a valid assignment of that debt to one to whom the checks were given for collection only.

Costs have been taxed. Correct decree and resubmit the same.