### GITTLEMAN v. FELTMAN et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

PARTIES—NEW DEFENDANTS—RIGHT TO BRING IN.

>　　Though under the common-law practice an additional defendant could not be brought in on plaintiff's motion, and that could only be done in equity suits, under Code Civ. Proc. § 723, an additional defendant may be brought in, in a common-law action, on plaintiff's motion, by amendment of the summons and complaint; and the section is not restricted by section 452, providing that a court may determine the controversy as between the parties before it, where it can do so without prejudice to others' rights, or by saving their rights, but that where a complete determination cannot be had without other parties they must be brought in, such section being only the continuance of an equity rule, and applicable to equity cases only.

>　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 76.]

Appeal from Special Term, Kings County.

Action by Eva Gittleman against Charles L. Feltman and another. From an order permitting the Surf Amusement Company to be brought in as a defendant by amendment of the summons and complaint, it and the original defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Joseph M. Gazzam, Jr. (William A. Feuchs, on the brief), for appellants.

John H. Regan, for respondent.

GAYNOR, J. The complaint is for damages for negligence. On motion of the plaintiff the court at Special Term has made an order permitting another party to be brought in as a defendant by amendment of the summons and complaint on the ground that it is a joint tort-feasor. The original defendants and the new defendant appeal.

It is claimed that there is no power to bring in an additional defendant on the plaintiff's motion in a common-law action. This was so under the common-law practice; the like could be done only in equity suits. But apart from conflicting decisions it would seem plain that this is no longer the rule with us. Section 723 of the Code of Civil Procedure provides in the most comprehensive words that:

"The court may, upon the trial, or at any stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party," etc.

There is no ground for stating that the legislative intention was that this broad provision should apply to equity suits only. The words used, and also the society in which the said section is found, attest the contrary.

Section 452 in no way restricts the scope of section 723. The former provides as follows:

"The court may determine the controversy, as between the parties before it,
where it can do so without prejudice to the rights of others, or by saving
their rights; but where a complete determination of the controversy cannot
be had without the presence of other parties, the court must direct them
to be brought in."

The rest of the section is confined to allowing an application by a
person not a party to be made a party, and is therefore not applicable
to our case. It is obvious that in an action at law against one or some
of several joint tort-feasors, the controversy may be determined as be-
tween the parties before the court, i. e., the plaintiff and the defend-
ants, and "without prejudice to the rights of others." The judgment
will completely determine the controversy between them, and will not
be res adjudicata between the plaintiff and any of the joint tort-feasors
who is not a defendant and may be sued later—for joint tort-feasors
may be sued separately or together, and nothing but the satisfaction
of a judgment against one or more of them, or a release of the cause
of action, will bar an action against the others. Therefore this provi-
sion cited from section 452 could have no application to our case. More-
over its adoption in the Code was only the continuance of an equity
rule, and it continued to apply to equity cases only. Chapman v.
Forbes, 123 N. Y. 532, 26 N. E. 3; Rosenberg v. Salomon, 144 N. Y.
92, 38 N. E. 982. It is also mandatory in terms, for the reason that it
applies to cases where a complete determination of the controversy
cannot be had without the presence of others as parties; whereas sec-
tion 723 is discretionary, and not restricted to equity cases where the
thing has to be done of necessity. The latter is meant for common-law
actions, where the controversy between the parties can be completely
determined, and without prejudice to the rights of others, which is not
always so in suits in equity.

In the First judicial department it is held that an additional defend-
ant cannot be brought in on motion of the plaintiff in an action in tort
(Horan v. Bruning, 116 App. Div. 482, 101 N. Y. Supp. 986), but
that it can be done in an action on contract (Haskell v. Moran, 118
App. Div. 810, 103 N. Y. Supp. 667). I think it must be admitted
that the language and purpose of the said section admit of no such
distinction. It is not expressed, nor is there any intention of it mani-
fested in any way. In the Third and Fourth judicial departments it is
held that it cannot be done, the decisions being in tort actions. Heffern
v. Hunt, 8 App. Div. 585, 40 N. Y. Supp. 914; Ten Eyck v. Keller, 99
App. Div. 106, 91 N. Y. Supp. 169. In this judicial department it was
held in one tort action that it could be done, and in another that it could
not. Schun v. Brooklyn Heights R. Co., 82 App. Div. 560, 81 N. Y.
Supp. 859; Goldstein v. Shapiro, 85 App. Div. 83, 82 N. Y. Supp.
1038.

In this contrariety of decision it would seem that the question ought
to be reconsidered, and that the beneficial and remedial provision of
section 723 should not be so construed as to deprive it of its chief value
and frustrate the liberal intention of its framers. It can do no harm,
but can do much good to allow additional defendants to be brought in
on motion of the plaintiff in common-law actions, whether on contract

or in tort. We have express statute authority for it and no reason against it, and it should be done.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except HIRSCHBERG, P. J., not voting.