J. HERBERT BATE, Appellant, *v.* BRENACK STEVEDORING COMPANY, INC., and Others, Defendants, Impleaded with WILLIAM J. MAHON, Respondent.

Second Department, June 10, 1921.

Mortgages — foreclosure — Federal receiver of property of defendant corporation not entitled to be made party defendant — receiver had no interest in subject of action — making receiver party was abuse of discretion of court.

A Federal receiver who was appointed as custodian simply of the property of a corporation defendant and who did not acquire title to the corporation's property has no interest in the subject-matter of an action to foreclose a mortgage on the real property of the corporation, within the meaning of section 452 of the Code of Civil Procedure, and is not, therefore, entitled to intervene as a matter of right.

Neither is there any justification in making him a party in the exercise of the discretion of the court, where there does not appear to be any defense to the action or that the corporation is neglecting its duty in defending the action.

APPEAL by the plaintiff, J. Herbert Bate, from an order of the County Court of Kings county, entered in the office of the clerk of the county of Kings on the 4th day of May, 1921, permitting a receiver, upon his application, to be made a party to a foreclosure action, and directing that the summons be amended accordingly, and giving the receiver the right to interpose an answer.

*Adelma H. Burd,* for the appellant.

*John B. Knox* [*Edward Ward McMahon* with him on the brief], for the respondent.

BLACKMAR, P. J.:

The receiver was appointed as custodian of the property simply, with such powers as the United States court that appointed him conferred upon him. The title of the property remained with the defendant corporation, and the receiver, therefore, had no interest in the subject of the action or in the real property within the meaning of section 452 of the Code of Civil Procedure, which, as we understand it, means a property interest. He is, therefore, not entitled to intervention as a matter of right. Neither is there any justification for making him a party in the exercise of the discretion of the court, for the petition alleges no facts from which the conclusion can be drawn that there exists any defense to the action, or that the corporation itself is neglecting its duty in defending the action. There exists, therefore, no ground for making the receiver a party. (*Honegger* v. *Wettstein,* 94 N. Y. 252.)

The order of the County Court of Kings county should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

MILLS, RICH, PUTNAM and JAYCOX, JJ., concur.

Order of the County Court of Kings county reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.