NATIONAL SURETY COMPANY, Appellant, *v.* EUGENIO B. PASTOR, Respondent.

First Department, April 3, 1925.

**Pleadings — counterclaims arising out of same contract as does plaintiff's cause of action properly pleaded under Civil Practice Act, § 261, subd. 2, though in nature of offset and no affirmative relief is sought.**

Counterclaims, set up in defendant's answer in the nature of an offset to plaintiff's claim without demanding any affirmative relief, are properly pleaded under subdivision 2 of section 261 of the Civil Practice Act, where they arise out of the same contract as does plaintiff's cause of action.

APPEAL by the plaintiff, National Surety Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of October, 1924, denying plaintiff's motion to dismiss the counterclaims in defendant's answer.

*William G. Mulroney* [*G. V. Smith* with him on the brief], for the appellant.

*John E. Roeser*, for the respondent.

MARTIN, J.:

The plaintiff sues as the assignee of the Roscoe Trading Co., Inc., alleging that defendant was the agent of that company for certain provinces in Chili; that he received as such agent merchandise of the value of $5,677.90, the property of the Roscoe Trading Co., Inc., which at all times had the right to possession thereof; that defendant agreed to hold the same as its agent, to be disposed of according to its instructions; that he refused and neglected to turn the goods over to a third party as directed by the Roscoe Trading Co., Inc., asserting dominion over them inconsistent with the rights of his principal, it being alleged that he thereby converted the same to his own use.

Four counterclaims to plaintiff's claim are alleged by the defendant. He pleads a contract with the Roscoe Trading Co., Inc., by which it employed him and agreed to pay him certain commissions upon sales.

In the first " counterclaim " or " offset " defendant alleges sales as well as advances of money on account of his principal, plaintiff's assignor; that on or about January 23, 1920, an account was stated between them as to commissions and moneys so advanced and a balance mutually found and agreed to of $1,153.77, as due from the company to defendant, which it promised and agreed to pay; that no part thereof has been paid and "that this cause of action arises out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim and is connected with the subject of the action." This allegation just quoted appears in each " counterclaim " or " offset," as they are designated in the amended answer.

In defendant's second " counterclaim " or " offset " other sales and commissions earned are alleged, it being also alleged that there is a balance due defendant for same from the Roscoe Trading Co., Inc.

In the third " counterclaim " or " offset " it is alleged that the company guaranteed to defendant that the commissions he would receive during a stated period would amount to $3,000; that the commissions received during said period amounted to $927.75; and that there is a balance due to defendant of $2,072.25.

In the fourth " counterclaim " or " offset " it is alleged that the Roscoe Trading Co., Inc., breached the agreement and refused to allow defendant to carry it out, to his damage in the sum of $5,000.

No affirmative judgment is demanded by defendant, his prayer being for a dismissal of the complaint.

The assignment relied upon by plaintiff is shown by the pleadings to be a transfer of a claim made by the Roscoe Trading Co., Inc., on the contract between it and defendant; and the counterclaims or offsets which plaintiff seeks to have stricken out arise out of the same contract. They would have been good against the assignor had it sued.

Under the 2d subdivision of section 261 of the Civil Practice Act, we believe that the counterclaim may be stated, though it is in the nature of an offset and though no affirmative relief thereon is sought against plaintiff.

Defendant properly pleaded these offsets, it appearing that they arose out of the relationship and the transactions between the defendant and plaintiff's assignor which are the basis of plaintiff's claim.

The order should be affirmed, with ten dollars costs and disbursements.

Dowling, Merrell, Finch and McAvoy, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.