LUTHERA J. SCHENCK, by IRMA L. MONROE, Her Guardian ad Litem, Appellant, *v.* RODNEY BRADSHAW and Another, Respondents.

Third Department, June 30, 1931.

*Lusk, Buck, Ames & Coon* [*Clayton R. Lusk* of counsel], for the appellant.

*Mackenzie, Smith, Michell & Bruce* [*Charles E. Spencer* of counsel], for the respondents.

VAN KIRK, P. J. The action is brought to recover damages which plaintiff claims she suffered by reason of a collision between the car in which she was riding and the car driven by the defendant Rodney Bradshaw. Plaintiff was riding in a car belonging to and driven by Leslie Wafer. This car was going easterly on Port Watson street in the city of Cortland. The Bradshaw car was traveling westerly on the same street. As the cars approached an intersecting street, the Bradshaw car turned to the left and southerly to enter the intercepting street, thus crossing the line of east-going traffic on Port Watson street. The motion to bring in Leslie Wafer as a defendant was made by defendant Bradshaw. The Hartman affidavit presented in support of the motion charges that Leslie Wafer was driving without proper lights, in the night time, at a rapid and excessive rate of speed and failed to have his automobile under control under the conditions in the highway as they existed at the time and place of the accident; that the accident occurred solely by reason of the negligence of Leslie Wafer and, if any negligence on the part of the defendants be found, that the negligence of Leslie Wafer caused or contributed to cause the accident. In the answer it is alleged that the accident mentioned in the complaint and any injuries or damages resulting to the plaintiff therefrom were caused or contributed to by the negligence of the plaintiff or one Leslie Wafer.

It was held in *Price* v. *Ryan* (255 N. Y. 16) that the " Civil Practice Act (§ 211-a) in furnishing to one joint tort feasor a remedy for the recovery of contribution from the other, expressly

confines the remedy to cases where a money judgment has proceeded against both." At common law no cause of action for contribution existed and under this statute contribution can be had only where a money judgment has been recovered against both joint tort feasors.

Thus sufficient ground was shown for the granting of the order. (*Haines* v. *Bero Engineering Const. Corp.*, 230 App. Div. 332, 334; *Fox* v. *Western New York Motor Lines, Inc.*, 232 id. 308.)

Section 193, subdivision 2, of the Civil Practice Act (as amd. by Laws of 1923, chap. 250) is not mandatory and the granting of the order rests in the discretion of the court. (*Gittleman* v. *Feltman*, 122 App. Div. 385, 387; affd., 191 N. Y. 205; *Haines Case*, *supra*, 334.)

Plaintiff claims that she is very much prejudiced by the bringing in of this additional defendant because it has caused great delay in the trial of the action and because in the trial the interests of the plaintiff will be obscured and lost sight of in the contest between the defendants, each trying to prove that the other was the cause of the accident. We do not think sufficient ground is shown to justify disapproval of the decision at the Special Term.

The order should be affirmed, with ten dollars costs and disbursements.

All concur.

Order affirmed, with ten dollars costs and disbursements.