AGNES M. HUGHES, Plaintiff, *v.* THE CHARLES SCHWEINLER PRESS, Defendant.

City Court of New York, Special Term, Bronx County, October 13, 1936.

*Gustave G. Rosenberg,* for the plaintiff.

*Guggenheimer & Untermeyer,* for the defendant.

EVANS, J.   Motion made under subdivision 2 of section 193 of the Civil Practice Act to bring in as additional parties defendant the Eastern Color Printing Co., Inc., the Newell-Emmett Company, Inc., and the Bigelow-Sanford Carpet Co., Inc.   The first proposed additional defendant is sought to be brought in merely because it is the assignor of the plaintiff, upon the claim for which the suit is brought.   The second proposed additional defendant is sought to be brought in merely because it acted as agent in the transaction with the third proposed additional defendant, and the third proposed additional defendant is sought to be brought in because of a controversy between it and defendant, which is substantially the same as between defendant and plaintiff.   The action between the original parties is for work, labor and services and materials furnished.   The defense is that the work was badly done, and the claim is made that if the work was in fact properly done, then the third proposed additional defendant is ultimately liable to defendant for work for which it will be compelled to pay the plaintiff.

So far as the assignor is concerned, I do not see how it may be brought in as a party defendant.   By subdivision 1 of section 267 of the Civil Practice Act defendant may plead its counterclaim, as against the assignee, in the nature of an offset.   (*National Surety Co. v. Pastor,* 212 App. Div. 546.)   The counterclaim seems larger than the amount demanded in the complaint, and it would be convenient under those circumstances to bring in the assignor as a party, so that defendant might litigate its counterclaim and obtain an affirmative judgment against the assignor.   But subdivision 2 of section 193, when read in conjunction with subdivision 1 of section 267 of the Civil Practice Act, or alone, is not broad enough for that.   So far as the Newell-Emmett Company, Inc., is concerned, it merely acted as agent for the Bigelow-Sanford Carpet Co., Inc., and no fact is alleged to show how liability of any kind may be predicated against it by the present defendant.

A different situation is presented against the Bigelow-Sanford Carpet Co., Inc.   It gave the order for the printing to defendant, and defendant in turn gave the identical order to plaintiff's assignor.   In that sense the contracts were identical; and the facts are different from those that caused a denial of a similar motion in *Neuss, Hesslein & Co., Inc., v. National Aniline & Chemical Co., Inc.* (120 Misc. 164).   If the defendant is compelled to pay plaintiff, it should receive reimbursement from the Bigelow-Sanford Carpet Co.,

Inc. I think that under the reasoning of *Travlos* v. *Commercial Union of America, Inc.* (217 App. Div. 352) that corporation may be brought in as a party defendant, so that the controversy between it and defendant may be litigated, without disturbing the issue between plaintiff and defendant. (*Municipal Service Real Estate Co., Inc.,* v. *D. B. & M. Holding Corp.,* 257 N. Y. 423.)

A long line of decisions tells us that it is discretionary with the court to act or not, under subdivision 2 of section 193. (*Irwin* v. *N. Y. Telephone Co.,* 121 Misc. 642; *Warren* v. *May,* 243 App. Div. 620; *Davis* v. *Hauk & Schmidt, Inc.,* 232 id. 556; *Hotel Antlers, Inc.,* v. *Standard Oil Co.,* 144 Misc. 781; *Schenck* v. *Bradshaw,* 233 App. Div. 171.) Although the cases of *Hauk & Schmidt, Inc., Hotel Antlers, Inc.,* and *Schenck* must be deemed reversed by *Fox* v. *Western New York Motor Lines, Inc.* (257 N. Y. 305), on the ground that subdivision 2 of section 193 does not authorize the joining as party defendant a joint tort feasor, because of the right to contribution under section 211-a of the Civil Practice Act, yet they remain a reminder that subdivision 2 of section 193 is not compulsory, but must be followed with discretion.

I think, at bar, sound discretion requires the joining of the Bigelow-Sanford Carpet Co., Inc., as a party defendant, and not the others.

Submit order accordingly.