LEPEL HIGH FREQUENCY LABORATORIES, INC., Plaintiff, *v.* EMIL R. CAPITA, Defendant, and EGBERT VON LEPEL and Others, Impleaded Defendants.

Supreme Court, Special Term, New York County, May 12, 1938.

*Abraham Males*, for the plaintiff.

*Irving Mariash* [*Abraham I. Holland* with him on the brief], for the defendant Emil R. Capita.

McLaughlin (Charles B.), J.   It is alleged that this stock, of which defendant was the owner, was deposited with the plaintiff as security for a loan of $4,300 made by plaintiff to the defendant, and that the loan was to be repaid out of dividends which might be declared on the stock, except that if the defendant left the plaintiff's employ he would at that time pay any balance remaining due on the aforesaid loan.   It is alleged that defendant left plaintiff's employ and also that he unlawfully removed the stock certificate from the plaintiff's possession and converted it to his own use. Plaintiff claims that the loan of $4,300 is still unpaid with the exception of the sum of $350.

In his answer the defendant denies that there was any conversion. He asserts that the loan of $4,300 was in fact an advance of dividends on his stock, this advance being made pursuant to an agreement whereby the defendant Capita would withdraw his demand for the declaration of a substantial dividend, so that the owner of the balance of the corporation's shares might avoid income taxes which he would, of necessity, pay if the dividend were declared. It is alleged that this individual owner, who holds the balance of ninety-five per cent of the corporate stock, controls the corporation and its affairs through its directors.

The defendant claims that through this control there has been misfeasance and malfeasance in the conduct of the corporate plaintiff, with the result that the matter of dividends has been so manipulated that either no dividends have been declared when they should have been or that collusive waste has prevented the same from being earned.

Bearing in mind that the loan, which is the real basis of this action, was to be paid out of dividends, it is clear that if dividends as alleged by the defendant had been declared and paid, this action would never have been commenced, because the loan would have been paid.   The defendant now wishes to plead representative actions against those directors who are in control of the corporate plaintiff and set up their wrongful acts as counterclaims.   He invokes the provisions of section 193 of the Civil Practice Act. This court believes that it was the intention of the Legislature to permit such relief as asked for here.

It has been held that the purpose of section 193 of the Civil Practice Act was to avoid circuity or multiplicity of suits and to

encourage and authorize the determination of damage and liability in one suit. (*Travlos* v. *Commercial Union of America, Inc.,* 217 App. Div. 352; *Davis* v. *Hauk & Schmidt, Inc.,* 232 id. 556.) Wide discretion is permitted in determining the right to relief under this section. (*Schenck* v. *Bradshaw,* 233 App. Div. 171.)

It is alleged that the proposed defendants control the plaintiff and that by their acts the defendant was deprived of the dividends which the plaintiff and defendant agreed would constitute the payment of the loan. It would, therefore, appear that they should be brought in as defendants because of the issues raised by the proposed counterclaim. In fact, the plaintiff claims that it is seeking a cancellation and delivery of these certificates of stock because of the non-payment of the loan. It is admitted by both parties that the loan was to be paid out of dividends. The issue that the defendant seeks to present is that the plaintiff and the individuals who control it allegedly withheld the declaration of dividends or wasted the assets and thus prevented the payment of the loan. He asserts that by so doing they have concocted a scheme to deprive him of his stock and at the same time avoid all liability for their own actions, which he claims were wrongful. A reading of the papers submitted shows that this is a case where discretion should be exercised and the motion granted, for only in that way can justice be accomplished. A trial in equity will determine the truth or falsity of the defendants' allegations. They may or may not have any substance to them, but in either case justice can only be done by a full disclosure of all the facts with respect to the relation of these parties and the transactions in question.

It has been held that a defendant in an action on promissory notes is entitled to have brought in as a party defendant a person who has in his possession a fund applicable to the payment of the notes. (*Williams* v. *Tompkins, Inc.,* 211 App. Div. 17.) In the instant case the allegations are to the effect that either the plaintiff and these proposed defendants have under their control sufficient dividends to pay the amount due on the loan or by their waste have prevented the proper payment of dividends sufficient to discharge the obligation of the moving defendant on the loan. In either event the issues should be tried out in a single action. If this is not done then the stock will be sold and the moving defendant will have but an empty law suit in so far as the stock itself is concerned.

The objection that a proposed amended pleading was not served with the motion papers is overruled. It relates to mere form and is not of substance.

A proposed pleading may be served with the proposed order. Settle order.