**HENDERSON, Adm'r, Office of Price Administration, v. GLOSSER et al.**
**Civil Action No. 2046.**

District Court, W. D. Pennsylvania.
July 30, 1942.

See, also, 46 F.Supp. 460.

Lawrason Driscoll and Brunson Mac-Chesney, both of Washington, D. C., for plaintiff.

Elvin Teitelbaum, of Johnstown, Pa., for Glosser & Sons, defendant.

Frank B. Ingersoll, Wm. K. Unverzagt, and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for Allegheny Ludlum Steel Corporation, defendant.

SCHOONMAKER, District Judge.

The Allegheny Ludlum Steel Corporation, one of the defendants named in this action, has moved to dismiss the temporary restraining order herein, and to enter judgment dismissing the complaint as to it under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Plaintiff, as Price Administrator, brought this action under the provisions of the Emergency Price Control Act of 1942, Public Law 421, 77th Congress, 2nd Session, c. 26, 50 U.S.C.A.Appendix, § 901 et seq., to obtain an injunction against defendants, enjoining them from violating Section 4(a) of said Act by selling, delivering, offering for sale or delivery, buying, accepting delivery of, or offering to buy or accept delivery of, iron and steel scrap at prices in excess of those established by Revised Price Schedule No. 4 issued by the Office of Price Administration (7 Fed.Reg. 1207).

The complaint alleges as to this particular defendant, the Allegheny Ludlum Steel Corporation, that it bought, offered to buy, and accepted delivery of iron and steel scrap other than railroad scrap, at prices higher than those established by said Price Schedule No. 4.

No particular purchases are charged in the complaint; but the affidavit of Irving R. Segal, supporting plaintiff's motion for a preliminary injunction, cites one transaction involving the Allegheny Ludlum Steel Corporation, i. e., that of Transaction "A" involving Milwaukee Car 360020, which was shipped by defendants M. Glosser & Sons to the Allegheny Ludlum Steel Corporation, and which contained scrap invoiced as No. 1 heavy melting steel at a maximum price under Schedule No. 4 of $21 per gross ton, plus fifty cents a gross ton commission. The defendant Allegheny Ludlum Steel Corporation accepted and paid for this scrap the price billed by M. Glosser & Sons, when, as a matter of fact, the scrap was not No. 1 heavy melting steel, but unprepared No. 2 bushelling, the maximum price of which was fixed by Schedule No. 4 at not more than $14.50 per ton.

Since the arguments of counsel on this motion, plaintiff has filed two additional affidavits: (1) The affidavit of George E. Long, Inspector of Bethlehem Steel Corporation at Johnstown, Penn'a, showing the amount of scrap that was unloaded from Milwaukee Car 360020 by the Bethlehem Steel Corporation and the rejection of the remainder of the contents of said car; and (2) the affidavit of A. S. Brinkworth, freight agent of the Pennsylvania Railroad, showing that Milwaukee Car 360020 was shipped on the Pennsylvania Railroad from the plant of the Bethlehem Steel Corporation at Johnstown, Penn'a, to the plant of the Allegheny Ludlum Corporation at Brackenridge.

The first point made by defendant Allegheny Ludlum Steel Corporation is that a single act in violation of the law will not support an injunction, because of the use in Section 205(a) of the words "any acts or practices". We cannot agree

with this interpretation of the statute. In our opinion, this section means that if any person has engaged in any acts or practices "which constitute or will constitute a violation of any provision of Section 4 of this Act", he will be subject to an injunction. Section 4 makes many "acts or practices" unlawful; and hence the use of the plural in referring to them in Section 205(a). It does not mean that there must be more than one violation of any one of these prohibited acts or practices. It does mean that when a person has engaged, or is about to engage, in any of the acts or practices which constitute or will constitute a violation of any provisions of Section 4 of the Act, he may be enjoined under the provisions of Section 205(a).

Even if it were a debatable question,— which I do not consider it to be—that doubt would be resolved against the contention of the defendant by 1 U.S.C.A., § 1, which provides: "* * * In determining the meaning of any Act or resolution of Congress, words importing the singular number may extend and be applied to several persons or things; words importing the plural number may include the singular; * * *" We therefore conclude that this point made by defendant is without merit.

 The next point made by defendant is that the supporting affidavits offered by plaintiff on its motion for an injunction, do not show that the scrap contained in Milwaukee Car 360020 did not meet the invoice classification on its delivery to defendant. With this contention we cannot agree. The affidavits supporting the plaintiff's motion for a temporary injunction show that this car of scrap was rejected in part by the Bethlehem Steel Corporation at Johnstown, Penn'a, because it was not up to classification of No. 1 steel scrap; that this car with its rejected contents was shipped by M. Glosser & Sons to the Allegheny Ludlum Steel Corporation and invoiced to that corporation as No. 1 heavy melting steel; and was paid for by defendant on that basis.

The Allegheny Ludlum Steel Corporation has filed no answer, but its motion for summary judgment under Rule 56 is accompanied by the affidavit of Glenn E. Hilliard, Open Hearth Superintendent of the Brackenridge plant of defendant, who states that the records of the defendant show that this particular car was received and unloaded by defendant; that he has no personal knowledge of the contents of the car; but that he had notified each Stock Yard Foreman of defendant not to unload any scrap which did not meet invoice classification.

This motion is also accompanied by affidavit of James B. Finley, Stock Yard Foreman, who states that it is his duty to inspect all open hearth scrap which is received while he is on the job, to see if it meets the invoice classification; that the company-records show that he was on duty when this Milwaukee Car No. 360020 was unloaded, but that he has no personal recollection of the contents of that car, although he feels certain that if the car had not met the invoice classification, he would not have permitted it to be unloaded.

Although no answer has been filed, it would appear from the supporting and opposing affidavits, that there is a genuine issue of fact as to what class of scrap was in this car when the Allegheny-Ludlum Steel Corporation received it.

We therefore cannot enter summary judgment under Rule 56, because of the provision of Subdivision (c) thereof stating that such a judgment can be entered only when there is "no genuine issue as to any material fact".

The motion for summary judgment will be denied, and defendant Allegheny-Ludlum Steel Corporation will be allowed twenty days to answer the complaint.