GEORGE LADUE, Plaintiff, *v.* HAROLD GOODHEAD, Defendant. PRENTISS M. BROWN, as Administrator of the Office of Price Administration, Applicant.

County Court, Erie County, November 22, 1943.

*John E. Durkin, Chief Attorney, Buffalo Defense-Rental Area,* for applicant.

*John K. Gerken* for plaintiff.

*Elton M. Dale* for defendant.

WARD, J. This is a motion by Prentiss M. Brown, Administrator of the Office of Price Administration, based upon his petition verified July 27, 1943, and the complaint herein, for an order "permitting Prentiss M. Brown as Administrator, Office of Price Administration, the applicant herein, to intervene in this action."

The petition, a model of succinctness, states in eleven typewritten lines on legal paper, in substance, that: Subdivision (d) of section 205 of the Emergency Price Control Act of 1942 authorizes the petitioner to intervene "in any suit or action wherein a party relies for grounds of relief or defense upon this Act or any regulation, order, price schedule requirement, or agreement thereunder"; the plaintiff relies for his ground of relief upon subdivision (c) of section 205 of said Act; this court has jurisdiction of this action under subdivision (c) of section 205 of the Act; pursuant to subdivision (d) of section 205 of the Act the petitioner desires to intervene as a party to this action; wherefore, the petitioner begs leave of the court to intervene as a party herein. [U. S. Code, tit. 50, Appendix, § 925, subds. (c), (d).]

The complaint contains six causes of action, each seeking $50 damages for each of six violations of said Act by the defendant, as landlord, in charging the plaintiff, as tenant, a monthly rental of $60, instead of $57.50, for the use of a lower apartment of premises known as #679 Colvin Boulevard, in the village of Kenmore, New York, included in the so-called "Buffalo Defense-Rental Area" (Designation and Declaration by O. P. A., April 28, 1943, 7 Federal Register, p. 3195); wherefore, the plaintiff seeks $300, plus $150 attorney's fees, together with costs and disbursements.

The answer, in effect a general denial, contains an affirmative defense: " That the statute relied upon, the ' Emergency Price Control Act of 1942,' is unconstitutional for the reason that it is an attempted delegation of legislative power to an ' Administrator.' "

The law of this forum for the intervention of a third person into a pending action as a party is set forth in section 193 of the Civil Practice Act, which provides, in part:

" 1. The court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in.

\* \* \* \* \* \* \*

" 3. Where a person not a party to the action has an interest in the subject thereof, \* \* \* and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

Generally, it is the duty of the court to direct that necessary parties be brought in, and to refuse the determination of the controversy affecting their rights until they are all made parties to the action. (*Mahr* v. *Norwich Union Fire Ins. Soc.*, 127 N. Y. 452, 459.) The purpose of section 193 of the Civil Practice Act is to avoid circuity and multiplicity of suits and to encourage and authorize the determination of damage and liability in one suit, in the sound, judicial discretion of the court. (*Mirsky* v. *Seaich Realty Co.*, 256 App. Div. 658; *Lepel High Frequency Laboratories* v. *Capita,* 168 Misc. 583, affd. 256 App. Div. 804.) The words " an interest in the subject " of the action mean a direct interest in the cause of action pleaded, which would allow the intervener to litigate a material fact in the complaint. (*Bulova* v. *Barnett, Inc.*, 194 App. Div. 418.) " This interest must be individual and not public, direct and not indirect, present and not remote. Interest in the result or outcome of the action will not suffice.'' (*Town of Irondequoit* v. *Monroe County,* 171 Misc. 125, and see cited cases.) Where the plaintiff seeks a money judgment merely, he cannot be compelled under this section 193 to bring a third person into the action as a party upon the stranger's application. (*Brooklyn Cooperage Co.* v. *Sherman Lumber Co.*, 220 N. Y. 642, 643.) In order to bring in a new party, the application must be based upon a moving affidavit or affidavits containing sufficient, probative facts. (*Moore & Co.* v. *Heymann,* 207 App. Div. 416.)

Here, the applicant has no right or interest in the subject of the action, unless he has the same under the Emergency Price Control Act of 1942, hereinafter called the Act (U. S. Code, tit. 50, Appendix, § 901 *et seq.*). Since the plaintiff seeks merely a money judgment, he cannot be compelled to allow this applicant to intervene, unless he consents thereto. No affidavit has been served or filed by the petitioner in support of his motion, but this failure in proof has been waived by the parties in open court at the hearing. Thus, the Act must be examined to find what right or interest, if any, the petitioner has in this case.

The only provisions of the Act now involved by the petitioner are subdivisions (c), (d) and (e) of section 205 [U. S. Code, tit. 50, Appendix, § 925, subds. (c), (d), (e)]. Subdivision (c) gives State courts jurisdiction of all civil proceedings under section 205 of the Act and prohibits the assessment of costs against the Administrator or the United States Government in any proceeding under the Act.

Subdivision (d) of section 205 of the Act provides, partly: " In any suit or action wherein a party relies for ground of

relief **or** defense upon this Act or any regulation, order, price schedule, requirement, or agreement thereunder, the court having jurisdiction of such suit or action shall certify such fact to the Administrator. *The Administrator may intervene in any such suit or action.*" (Italics supplied.)

Subdivision (e) of section 205 of the Act provides, in part: " If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States. Any suit or action under this subsection may be brought in any court of competent jurisdiction, and shall be instituted within one year after delivery is completed or rent is paid."

Here, the petitioner would intervene as a party to this action. His right to do so depends upon the quoted parts of section 205 of the Act above stated. In order to throw light upon the same in divining the true intent of the Congress of the United States, the Administrator's authority to appear in court in any capacity should be outlined.

Under certain circumstances, the Administrator " may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision " [Act, § 205 subd. (a); U. S. Code, tit. 50, Appendix, § 925, subd. (a)]; " he may certify the facts to the Attorney General, who may, in his discretion, cause appropriate proceedings to be brought " [subd. (b)]; " the Administrator may intervene in any such suit or action " [subd. (d)]; " if any person * * * is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States " [subd. (e)]; " the Administrator may petition any State or Territorial court of competent jurisdiction * * * for an order suspending the license * * * " [subd. (f), par. (2)].

Most of the reported cases under section 205 of the Act involve injunctions sought by the Administrator (*Henderson* v. *Burd*, 133 F. 2d 515; *Henderson* v. *Fleckinger*, 48 F. Supp. 236; *Henderson* v. *Beaird Corp.*, 48 F. Supp. 252; *Henderson* v. *C. Thomas Stores*, 48 F. Supp. 295; *Henderson* v. *Gandy*, 47 F. Supp. 381; *Henderson* v. *Glosser*, 46 F. Supp. 458; *Henderson* v. *Glosser*, 46 F. Supp. 460); few criminal proceedings have been reported (*United States* v. *Ganz*, 48 F. Supp. 323); and one court ruled as invalid and unconstitutional the rent control provisions of section 205 of the Act. (*Payne* v. *Griffin*, 51 F. Supp. 588.)

In this proceeding, the constitutionality of the Act has not been raised by consent, and no argument or authorities thereon was submitted. Such considerations will be left to the future.

Thus, it follows, the right, if any, of the Administrator to intervene in an action or suit under section 205 of the Act must be defined. According to the above, the capacity of his intervention, too, is an open question, for when the legislature intended that he could appear in court as a party, the circumstances permitted such appearance where expressed.

"An intervener is a person who voluntarily interposes in an action or other proceeding with the leave of the court." (Black's Law Dictionary.) Intervention in practice may be defined as: "A proceeding in a suit or action by which a third person is permitted by the court to make himself a party, either joining the plaintiff in claiming what is sought by the complaint, or uniting with the defendant in resisting the claims of the plaintiff, or demanding something adversely to both of them." (Black's Law Dictionary.)

Here, the petitioner does not seek to proceed with the plaintiff, with the defendant or against both. He merely "begs leave of the court to intervene as a party in this action." He asserts no right against anyone, nor claims a duty owing by anyone. Rights and duties in civil actions are the sole business of the court. Perhaps the petitioner is concerned about the defendant's affirmative defense questioning the constitutionality of the Act. If so, he could be of assistance to the court as *amicus curiæ* rather than as a party. A person may participate *amicus curiæ* where he has no right to appear in a suit but is allowed to introduce argument, authority or evidence to protect his interests. (See Black's Dictionary.)

New York courts have refused the State Labor Relations Board's request to intervene in an action to make a motion to dismiss the complaint because, as such, it was not a real party in

interest under section 193 of the Civil Practice Act. (*United Baking Co.* v. *Bakery and Confectionery Workers' Union*, 257 App. Div. 501.) A receiver appointed as custodian of property by a United States court, without having title to the property, was refused the right to intervene in an action as a matter of right. (*Bate* v. *Brenack Stevedoring Co.*, 197 App. Div. 194.) The court said in the *Bate* case: " Neither is there any justification for making him [receiver] a party in the exercise of the discretion of the court, for the petition alleges no facts from which the conclusion can be drawn that there exists any defense to the action, or that the corporation itself is neglecting its duty in defending the action. There exists, therefore, no ground for making the receiver a party." A partisan intervener should not be allowed to come in as *amicus curiæ*. (*Central Hanover Bank & Trust Co.* v. *Saranac River Power Corp.*, 243 App. Div. 843.)

In this case, the petitioning Administrator should not be admitted as a party for he has no interest, and he should not be invited as *amicus curiæ* with the opportunity to influence the jury which may become unduly impressed with the dignity and official stature of the United States Administrator's counsel. Therefore, the petitioner may intervene as *amicus curiæ* solely for the purpose of submitting legal argument and authorities to the court without the presence of the jury.

Motion to intervene as a party denied, but the petitioner may intervene as *amicus curiæ* subject to the limitations herein expressed, without costs. Prepare and submit order accordingly.