■ CHRISTINE M. THORNTON, Appellant, v CITIBANK, N. A., et al., Respondents. [640 NYS2d 110] —Order, Supreme Court, New York County (Carol Huff, J.), entered December 6, 1994, which, *inter alia*, denied plaintiff's motion to set aside a non-judicial sale of the stock of her cooperative apartment and to enjoin any further transfer or disposition of the stock or appurtenant lease, and granted defendants' cross motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly granted to defendants upon a prima facie showing of entitlement where plaintiff failed to produce evidentiary proof of the existence of material issues of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Accommodations by the bank allowing a few late payments were insufficient to demonstrate a waiver of strict adherence to the requirements of the loan documents (*see, Southold Sav. Bank v Cutino*, 118 AD2d 555).

The bank as secured party also gave notice of the non-judicial foreclosure in a commercially reasonable manner (UCC 9-504 [3]) by both certified mail, return receipt requested, as well as by regular mail addressed to the subject apartment. There is no requirement that the debtor receive actual notice (*see, Dougherty v 425 Dev. Assocs.*, 93 AD2d 438, 441) and it was plaintiff who failed to provide a change of address.

The foreclosure sale will not be set aside for mere inadequacy of the price obtained unless it is so inadequate as to shock the conscience (*Ballentyne v Smith*, 205 US 285, 290). As foreclosure sales often result in prices "substantially less" than market value (*Guardian Loan Co. v Early*, 47 NY2d 515, 518), the price received herein was not "fundamentally unfair" (*Polish Natl. Alliance v White Eagle Hall Co.*, 98 AD2d 400, 409).

The admission that the purchasers obtained some information from the doorman concerning the status of the apartment prior to the sale was not evidence of, *inter alia*, collusion or bad faith such as would prevent their being bona fide purchasers for value (UCC 9-504 [4] [a]). Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.