■ NORMAN L. HEIMBUCH et al., Respondents, v NATIONAL CITY BANK OF PENNSYLVANIA, Appellant, et al., Defendant. NATIONAL CITY BANK OF PENNSYLVANIA, Third-Party Plaintiff, v NU-ERA SERVICES, INC., Third-Party Defendant. [775 NYS2d 678]—

Appeal from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered September 12, 2003. The order, insofar as appealed from, denied the cross motion of defendant National City Bank of Pennsylvania for partial summary judgment dismissing the first cause of action against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is granted and the first cause of action against defendant National City Bank of Pennsylvania is dismissed.

Memorandum: As limited by its brief, National City Bank of Pennsylvania (defendant) appeals from that part of an order that denied its cross motion for partial summary judgment dismissing plaintiffs' first cause of action against it. That cause of action alleges a breach by defendant of a contract requiring it, as secured creditor, to give plaintiff Norman L. Heimbuch, as debtor, "reasonable notice by mail of any" proposed sale of the

collateral following repossession. We conclude that Supreme Court erred in denying defendant's cross motion. Defendant established as a matter of law that it mailed the requisite notice, and plaintiffs failed to raise a triable issue of fact merely by alleging that they did not receive the notice (*see American Honda Fin. Corp. v DeIorio*, 260 AD2d 416, 417 [1999]; *Thornton v Citibank*, 226 AD2d 162 [1996], *lv denied* 89 NY2d 805 [1996], *rearg denied* 89 NY2d 1031 [1997]; *Dougherty v 425 Dev. Assoc.*, 93 AD2d 438, 441-443 [1983]; *see also* UCC 1-201 [26], [38]; former 9-504 [3]; *see generally* Annotation, *Sufficiency of Secured Party's Notification of Sale or Other Intended Disposition of Collateral under UCC § 9-504 [3]*, 11 ALR4th 241, § 14). We therefore reverse the order insofar as appealed from, grant the cross motion and dismiss the first cause of action against defendant. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.