■ NYCTL 2005-A TRUST et al., Plaintiffs, v ROSENBERGER BOAT LIVERY, INC., et al., Appellants, et al., Defendants. JOAN IACONO, ESQ., Receiver-Appellant, v RONALD MAGRO, Third-Party Bidder-Respondent. [947 NYS2d 2]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 27, 2011, which denied the motion of defendants Rosenberger Boat Livery, Inc. and John E. Burke and nonparty Joan Iacono, as Rosenberger's temporary receiver, to vacate (1) an order, same court (Howard R. Silver, J.), entered November 13, 2008, appointing a referee, (2) a judgment of foreclosure, same court (Silver, J.), entered June 17, 2010, and (3) an auction sale that took place on October 25, 2010, unanimously affirmed, with costs.

Rosenberger's temporary receiver was not a necessary party because title to the property remained with the corporation (see *Bate v Brenack Stevedoring Co., Inc.*, 197 App Div 194, 195 [1921]). We note that Rosenberger and Burke (who owns one half of Rosenberger's shares) appeared early on in this litigation.

The documents challenged by defendants are labeled affidavits and begin, "[name of witness], *being duly sworn*, deposes and says." (emphasis added). Therefore, the referee and the foreclosure court could accept these documents as affidavits (see *Sparaco v Sparaco*, 309 AD2d 1029, 1030 [2003], *lv denied* 2 NY3d 702 [2004]), even though the notary stated that the witness "acknowledged . . . that he executed the same." In any event, defendants do not point to any inaccuracies in the documents.

Even assuming, arguendo, the Bronx Press Review did not

qualify as a "newspaper" pursuant to General Construction Law § 60 (a) because it did not have a paid circulation, notice of the sale was also published in the New York Law Journal, and defendants do not contend that the Law Journal fails to qualify as a newspaper. Real Property Actions and Proceedings Law § 231 (2) (a) requires publication in only one newspaper when the real property to be sold is located in a county within the city of New York. Thus, publication was proper.

The irregularities in the referee's terms of sale were properly disregarded by the court inasmuch as they did not affect a substantial right of any party (*see* CPLR 2001).

Rosenberger could have redeemed its property "at any point before the property [wa]s actually sold at a foreclosure sale" (*NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp.*, 13 NY3d 573, 579 [2009], *cert denied* 561 US —, 130 S Ct 3466 [2010]). However, after the sale, the right to redeem was extinguished, even though no deed had yet been delivered to the purchaser (*see e.g. Chase Manhattan Mtge. Corp. v Harper*, 54 AD3d 987, 988 [2008]).

Defendants have not met their burden of demonstrating a disparity in price *and* "one of the categories integral to the invocation of equity such as fraud, mistake or exploitive overreaching" (*Guardian Loan Co. v Early*, 47 NY2d 515, 521 [1979]), to warrant setting aside the sale of the property.

We have considered defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.