OPINION OF THE COURT
James W. McCarthy, J.
The above-captioned matter is before this court pursuant to plaintiff PHH Mortgage Corporation’s motion to vacate the foreclosure sale and relieve the bid. Prior to the March 3, 2016 return date, the matter was taken on submission, without oral argument. Having reviewed the submissions of the parties, for the reasons set forth below, this court makes the following findings of fact and conclusions of law.
Findings of Fact
For the purpose of this motion the facts are for the most part not in dispute and arise out of a foreclosure action by plaintiff, the holder of the note and mortgage on the premises located at 279 West Lake Road, Oswego, New York. The underlying action was commenced with the filing of a summons and complaint with the Oswego County Clerk’s Office on April 24, 2015. Following service and the filing by plaintiff of a request for judicial intervention, this court granted plaintiff’s ex parte application for an order of reference on September 22, 2015. On October 23, 2015, the court granted plaintiff’s ex parte application for judgment of foreclosure and sale, and the judg *519 ment of foreclosure and sale was entered with the Oswego County Clerk on October 30, 2015. Following entry, the foreclosure sale in this matter was set for January 25, 2016. On the date of the sale, one of the bidders, Robert Nicholson, objected to the court appointed referee submitting a bid on behalf of the plaintiff. The court first contacted plaintiffs firm advising them that a representative of the plaintiff was not in attendance, and next in the absence of the assigned justice, contacted Justice Seiter who allowed the sale to proceed as scheduled. The successful bidder was Robert Nicholson who bid $90,000 for the property subject to the instant action.
Thereafter, by notice of motion dated January 27, 2016, PHH moved this court for an order vacating the January 25, 2016 sale. In its motion, counsel for the plaintiff argues first that the sale should be vacated alleging that the entered judgment of foreclosure and sale, contrary to the objection of the bidder, did not prohibit the referee in this matter from submitting an initial bid on behalf of the plaintiff. In the alternative, plaintiffs counsel alleges that the discrepancy between the amount bid and the market value (or proposed initial bid by the plaintiff) was so great that the court should set aside the sale through its equitable powers.
In opposition, counsel for Robert Nicholson first alleges in sum and substance, citing to the entered judgment of foreclosure and sale, that by its terms the judgment directed a representative of the plaintiff to attend the sale, and that by “crossing] out language which stated ‘. . . that said Referee shall accept a written bid from the Plaintiff or any other party . . .’ Plaintiff sought to have the Referee perform the exact duty that was prohibited by the Court and then failed to provide the Referee notice of the prohibition.” (Bidder counsel’s affirmation in opposition at 3-4.) In the alternative, counsel for the purchaser alleges that the discrepancy between the sale price and the value of the property is not so great as to implicate the equitable powers of this court, and if the instant application is denied, the plaintiff will still have the remedy of seeking a deficiency judgment against the defendant, mortgagor.
In reply, counsel for the plaintiff advances two main arguments, first alleging that despite buyer’s counsel’s averments, the judgment of foreclosure and sale in this matter did not specifically prohibit the referee from submitting an initial bid on behalf of the bank. In the alternative, the counsel for the plaintiff argues that the balance of the equities in this matter favor PHH.
*520 Conclusions of Law
As set forth above, before the court is a motion to set aside the foreclosure sale in this matter. Distilled to its essence, the question before this court is first whether the referee in this matter had authority to submit a bid on behalf of the plaintiff, PHH. Here, it is not disputed that plaintiff submitted a proposed judgment of foreclosure and sale, which as submitted provided, in pertinent part: “that said Referee shall accept a written bid from the Plaintiff or any other party, provided that it is accompanied by a deposit as provided herein.” (Judgment of foreclosure at 3.) However, when executed by the court, the judgment of foreclosure and sale provided: “that said Referee shall accept a written bid from the Plaintiff or any other party, provided that it is accompanied by a deposit as provided herein” and further provided, directly above the strikeout: “That plaintiff[’s] representative shall attend the sale . . . .” (Executed judgment of foreclosure and sale at 3.)
Here, the court finds that, contrary to plaintiffs counsel’s assertion that “ [d] espite the handwritten notation, the Judgment did not expressly prohibit the Referee from being Plaintiff’s or its assignee’s representative at the sale in order to start the bidding as the stated bid amount provided her at the sale” (plaintiff’s counsel’s affirmation in support of motion ¶ 9), such notation may not, as plaintiff’s counsel urges, be read in a vacuum. Here, the court finds that the requirement that plaintiff’s representative attend the sale, coupled with striking the language in the proposed judgment of foreclosure, forbade the referee from accepting written bid or bids on behalf of the plaintiff, and further clearly provided that its representative attend the sale. The court notes that such change was made in this, and other judgments of foreclosure and sale submitted to it by plaintiff* and other firms.
Here, it is clear that a referee is not an agent of any of the parties to an action in foreclosure, but rather an officer of the *521 court, appointed by it to sell the real property subject to the action. (See Jorgensen v Endicott Trust Co., 100 AD2d 647 [3d Dept 1984].) Furthermore, as succinctly observed by the Appellate Division, Third Department in National Bank of Stamford v Van Keuren (184 AD2d 92 [3d Dept 1992]):
“There can be little dispute that it is the court, not the parties, who is in absolute control of the workings of a judicial foreclosure (see, 73 NY Jur 2d, Judicial Sales, § 1, at 517). The appointed Referee is an officer of the court and must perform his duties impartially without regard to the interests of any particular person in the proceeding (Riggs v Pursell, 66 NY 193, 198; Goldberg v Feltman’s of Coney Is., 205 Misc 858, 864; 73 NY Jur 2d, Judicial Sales, § 5, at 519-520).” (Id. at 95.)
Thus, insofar as plaintiff failed to follow the ordered directive of the court that its representative be present coupled with the deletion of the language allowing the referee to accept written bids, the court finds that the bidder correctly objected to the referee’s authority to submit bids on behalf of the plaintiff, and thus, the sale was conducted in accordance with the dictates of the judgment of foreclosure.
Nor is the court persuaded that the sale should be set aside on equitable grounds. It is well settled that
“[a]bsent fraud, collusion or other irregularity, a foreclosure sale will not be set aside solely upon inadequacy of the sale price unless the inadequacy is so great that it shocks the conscience of the court (Glenville & 110 Corp. v Tortora, 137 AD2d 654, 655, lv denied 72 NY2d 806).” (Manufacturers & Traders Trust Co. v Niagara Sq. Assoc., 199 AD2d 975, 976 [4th Dept 1993], lv denied 83 NY2d 845 [1994].)
In the instant action, there are no allegations of fraud or collusion, and the property was sold at auction for $90,000, approximately 64% of the amount of the initial bid of $141,500 proposed by the bank. Thus the court finds that the sale price was not so inadequate to shock its conscience. (See Manufacturers & Traders Trust Co. v Niagara Sq. Assoc. [50% of the ap *522 praised value insufficient to set aside the sale]; Crossland Mtge. Corp. v Frankel, 192 AD2d 571 [2d Dept 1993], lv denied 82 NY2d 655 [1993] [successful bid of $55,000 for a property where the representative of the bank was to bid $160,000 to $200,000 but failed to do so did not shock the conscience of the court]; Frank Buttermark Plumbing & Heating Corp. v Sagarese, 119 AD2d 540, 540 [2d Dept 1986], lv denied 68 NY2d 607 [1986] [“The sale of these premises at 30% of the defendants’ uncorroborated opinion as to their fair market value is not so unconscionably low as to warrant vacatur of the sale”].) As the Appellate Division, First Department observed in Thornton v Citibank (226 AD2d 162, 163 [1st Dept 1996], Iv denied 89 NY2d 805 [1996], rearg denied 89 NY2d 1031 [1997]): “As foreclosure sales often result in prices ‘substantially less’ than market value (Guardian Loan Co. v Early, 47 NY2d 515, 518), the price received herein was not ‘fundamentally unfair’ (Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400, 409).”
Thus, in light of the foregoing, plaintiff PHH Mortgage Corporation’s motion to vacate the foreclosure sale and relieve the bid is in all respects denied.

 The court notes that this is not an isolated change to the proposed judgment. A brief search of the records of the Oswego County Clerk reveals that this court has consistently modified the language of judgments from plaintiff’s firm as it did in this matter. See e.g. J.P. Morgan Chase v Stephen Edwards (Sup Ct, Oswego County, McCarthy, J., index No. 1737-2014); J.P. Morgan Chase v Martin Castleman (Sup Ct, Oswego County, McCarthy, J., index No. 0294-2014); PHH Mtge. Corp. v Heather Rogers (Sup Ct, Oswego County, McCarthy, J., index No. 2031-2014); JP Morgan Chase Bank v *521 Christopher Treece (Sup Ct, Oswego County, McCarthy, J., index No. 1695-2014); and U.S. Bank Natl, v David Harrington (Sup Ct, Oswego County, McCarthy, J., index No. 1490-2014), as well as submissions of other firms requiring the attendance of a representative of a particular plaintiff to attend the sale.