U.S. Bank N.A. v Martinez (2018 NY Slip Op 04513)





U.S. Bank N.A. v Martinez


2018 NY Slip Op 04513


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


381315/13 6912A 6912

[*1] U.S. Bank N.A., etc., Plaintiff-Appellant,
v
Diana Martinez, et al., Defendants. 
Rafael Badalov, et al., Intervenors-Respondents.


Friedman Vartolo LLP, New York (Henry P. DiStefano of counsel), for appellant.
Stern & Stern, Brooklyn (Pamela Esther Smith of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered September 8, 2016, which, to the extent appealed from as limited by the briefs, denied, after a hearing, plaintiff's motion to set aside a mortgage foreclosure sale, and order, same court and Justice, entered on or about July 13, 2017, insofar as it denied its second motion to renew its motion to set aside the sale pursuant to RPAPL 231(6), unanimously affirmed, with costs.
This appeal is not moot, since the relief plaintiff seeks is at least theoretically available (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]).
The appeal from the July 13, 2017 order, which denied renewal, is properly before this Court (CPLR 5701[a][2][viii]). The motion court's determination is supported by a fair interpretation of the evidence and will not be disturbed on appeal (AGCO Corp. v Northrop Grumman Space & Mission Sys. Corp., 61 AD3d 562, 563-564 [1st Dept 2009]). Moreover, the court's credibility determinations are entitled to deference by this Court and are supported by the record herein (see Watts v State of New York, 25 AD3d 324 [1st Dept 2006]).
A court may exercise its equitable powers to set aside a foreclosure sale where there is evidence of fraud, mistake, exploitative overreaching, or collusion. However, the mere inadequacy of price is an insufficient ground to set aside a sale, unless the price is so inadequate as to shock the court's conscience (see Guardian Loan Co. v Early, 47 NY2d 515, 521 [1979]; NYCTL 2005-A Trust v Rosenberger Boat Livery, Inc., 96 AD3d 425, 426 [1st Dept 2012]; Thornton v Citibank, 226 AD2d 162, 163 [1st Dept 1996], lv denied 89 NY2d 805 [1996]). A unilateral mistake does not justify vacating a foreclosure sale (Dime Sav. Bank of N.Y. v Zapala, 255 AD2d 547, 548 [2d Dept 1998]).
Here, plaintiff did not establish fraud, collusion, exploitative overreaching, or mutual mistake in support of its motions to vacate the sale. At most, the record demonstrates plaintiff's unilateral mistake in failing to make a bid higher than respondents' bid. Moreover, even if the sale price was lower than plaintiff's claimed upset price, it was not fundamentally unfair and was not so inadequate as to shock this Court's conscience (see South Point, Inc. v Rana, 139 AD3d 936, 936-937 [2d Dept 2016]; Guardian Loan Co., 47 NY2d at 521; Thornton, 226 AD2d at 163; see also DeRosa v Chase Manhattan Mtge. Corp., 10 AD3d 317, 322 [1st Dept 2004]).
Plaintiff's claim, even if regarded as timely made, that the sale should have been vacated [*2]because the notice of sale was published in only one paper by plaintiff, in violation of the trial court's order, is without merit since it failed to allege that a substantial right of any party was prejudiced (RPAPL 231[6]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK