Buffington v Catholic Sch. Region of Northwest & Southwest Bronx (2021 NY Slip Op 05286)





Buffington v Catholic Sch. Region of Northwest & Southwest Bronx


2021 NY Slip Op 05286


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Index No. 25761/15E Appeal No. 14289 Case No. 2020-03202 

[*1]Steven Buffington, Plaintiff-Respondent,
v
The Catholic School Region of Northwest and Southwest Bronx et al., Defendants-Appellants.


Chesney, Nicholas & Brower, LLP, Syosset (Stephen V. Morello of counsel), for appellants.
Cellino Law LLP, New York (Kathleen E. Beatty of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered July 15, 2020, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants argue that Supreme Court erred in finding they failed to establish by proof in admissible form that defendants were plaintiff's employer or an alter ego of plaintiff's employer at the time of the alleged incident so as to preclude a direct action against them by plaintiff. According to defendants, plaintiff's sole remedy is worker's compensation benefits.
As a threshold matter, we agree that Supreme Court erred in concluding that the affidavits by the former principal of the school at which plaintiff's accident occurred and defendant Archdiocese of New York's associate general counsel were in insufficient form. To the contrary, each of the affidavits recited that the witness, "being duly sworn, deposes and says" the contents of the affidavits, and were therefore sufficiently sworn and admissible (see CPLR 2309[b]; NYCTL 2005-A Trust v Rosenberger Boat Livery, Inc., 96 AD3d 425, 425 [1st Dept 2012]). The affiants were not required to recite that they swore that the contents of their affidavits were true under the penalties of perjury; that is only required in affirmations (see CPLR 2106; Williams v New York City Hous. Auth., 183 AD3d 523, 527-528 [1st Dept 2020]).
We agree, however, that defendants failed to establish prima facie that they were entitled to summary judgment on the ground of the alter ego/Workers' Compensation Law exclusivity defense. Affiants failed to aver that their affidavits were made based on their own personal knowledge and therefore they did not lay a foundation for the documents submitted in support of the motion to be admitted as business records (see Doe v Intercontinental Hotels Group, PLC, 193 AD3d 410, 410-411 [1st Dept 2021]). Further, the remaining admissible evidence did not establish either the identity of plaintiff's employer or "that one of the entities controls the day-to-day operations of the other" (Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1219 [2d Dept 2019] [internal quotation marks omitted]; see Fuller v KFG Land I, LLC, 189 AD3d 666 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021